### IN THE COURT OF APPEALS OF TENNESSEE
### FOR THE WESTERN SECTION
### AT JACKSON


KEVIN KATHLEEN STACEY,      )
                                     )      No. 02A01-9802-CV-00050

     Plaintiff/Appellee,      )

                                     )      SHELBY CIRCUIT

v.                                )

                                   )      Hon. D'Army Bailey, Judge

# FILED

**October 6, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

DONALD RAY STACEY,      )
                                     )

     Defendant/Appellant.      )

                                     )


From the Circuit Court of Shelby County, Tennessee
**Honorable D'Army Bailey, Judge**


**Mitchell D. Moskovitz**, Memphis, Tennessee
Attorney for Plaintiff/Appellee.


**William A. Cohn,** Cordova, Tennessee
Attorney for Defendant/Appellant.

**OPINION FILED:**

**REVERSED IN PART, AFFIRMED IN PART,
MODIFIED AND REMANDED**

**TATUM, SENIOR JUDGE**

**HIGHERS, J.:** (Concurs)
**FARMER, J.:** (Concurs)

# OPINION

Donald Ray Stacey (Husband) appeals an order modifying the terms of the parties' final decree of divorce. After almost twenty-eight years of marriage, the parties were divorced on July 6, 1995. The final decree was subsequently amended on July 14, 1995, to require Husband to pay attorney's fees to Kevin Kathleen Stacey (Wife). Three children were born during the course of the marriage, but only one child, Zachary, was still a minor at the time of the couple's divorce. Pursuant to the Amended Final Decree of Divorce (amended final decree), Wife was granted sole custody of the minor child with Husband having reasonable visitation. Husband was ordered to pay $1,300.00 in child support per month plus the Child Support Guidelines amount of 21% of his annual bonus up to a total gross income of $9,900.00 (bonus and base salary).

On September 2, 1997, Wife filed a Petition to Modify Final Decree of Divorce and for Civil and Criminal Contempt seeking, among other things, to increase Husband's child support obligation. The matter of the increase in child support was subsequently referred to a divorce referee. In her petition, Wife alleged that there currently existed a material change in circumstances, as well as a significant variance, sufficient to justify an increase in the amount of child support. After a hearing on November 18, 1997, the divorce referee found that there had not been a significant variance in child support since the entry of the amended

final decree and denied Wife's petition. The unrefuted proof before the divorce referee showed that Husband's income in 1997 at International Paper Company was $120,270.78 for the first eight and one half months of the year. This figure included $48,437.50 in stock option income. In 1996, Husband's base salary was $103,572, his bonus was $24,000, and his stock option income was $18,600. The amount of child support ordered in the amended final decree ($1,300 per month) was based on a monthly base salary of approximately $8,900, or an annual salary of $106,800 per year.

Wife appealed the referee's ruling to the Circuit Court of Tennessee in Shelby County. On January 20, 1998, the Circuit Court judge entered the original Order Denying Petition to Modify Final Decree and an Order Appealing Divorce Referee's Ruling and Modifying Final Decree of Divorce. In its order, the trial court made the following changes to the final decree:

1. The Amended Final Decree of Absolute Divorce entered in this cause on July 14, 1995, shall be modified in that Defendant, Donald Ray Stacey (hereinafter "Husband"), shall pay child support commensurate with the Tennessee Department of Children's Services Child Support Guidelines. There shall be no cap of $9,900 per month in child support and Husband shall pay child support for his bonus, base salary, and option income consistent with the amendment to the Tennessee Department of Children's Services Child Support Guidelines and Rule 1240-2-4-.04(3).
2. Husband shall continue to pay 21% from his annual bonus and from stock option income pursuant to the Child Support Guidelines.
3. Husband shall pay to Wife's counsel, Mitchell D. Moskovitz, an attorney fee in the amount of $1,500.

Husband subsequently filed a motion to set aside the trial court's order, which was denied on February 6, 1998. He has appealed to this Court alleging that the Circuit Court improperly modified the amended final decree without the required finding of a material change in circumstances. Wife has raised the following issues on appeal pursuant to Tennessee Rule of Appellate Procedure 13(a): (1) whether the trial court erred in its failure

to find a significant variance and increase Husband's child support obligation from $1,300 to $1,991 per month; (2) whether the trial court correctly ordered Husband to pay child support pursuant to Tennessee Code Annotated § 36-5-101 and the Tennessee Child Support Guidelines; and (3) whether this Court should award Wife attorney's fees for the cost incidental to Wife having to argue this appeal.

We review appeals of child support orders *de novo* on the record with a presumption of correctness of the trial court's findings of fact, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d); *Turner v. Turner,* 919 S.W.2d 340, 345 (Tenn. Ct. App. 1995), *perm. app. denied*, (Tenn. 1996). After a careful review of the record, we find that we must reverse in part, affirm in part, and modify the ruling of the trial court.

In reviewing Husband's contention that Wife must show a substantial and material change in circumstances in order to modify his child support obligation in the amended final decree, we take note that this is not the proper standard for determining whether an existing child support order should be modified. Tennessee Code Annotated § 36-5-101(a)(1) (1998) governs the criteria that the court must use in modifying child support in this case:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.[1]

The version of this section that was in effect before July 1, 1994, allowed the trial court to modify an existing child support order only when a "substantial and material change of circumstances" existed. Tenn. Code Ann. § 36-5-101(a)(1) (1991); *Turner*, 919 S.W.2d at 342. The statute was amended in 1994, and the standard for modification was changed to require that, in a case such as the one before the court, the court shall determine if there is a "significant variance" between the guideline amount of child support on the obligor's present income and the existing amount of support ordered. Tenn. Code Ann. §

36-5-101(a)(1) (1996); 1994 Tenn. Pub. Acts 987 § 3 (effective date July 1, 1994). The rule promulgated by the Department of Human Services that also took effect on July 1, 1994, defines a "significant variance" as "15% if the current support is one hundred dollars ($100.00) or greater per month". Tenn. Comp. R. & Regs. ch. 1240-2-4-.02(3) (1994); *Turner*, 919 S.W.2d at 343 & n.4. Therefore, in a case such as this, the significant variance test, rather than the change of circumstances test, is the correct standard for modification of a child support order.

The trial court in this case did not make a determination as to whether a significant variance existed between the current child support guidelines amount and the child support ordered in the amended final decree. In his ruling, the Circuit Court judge found that Husband's option income in 1996 and 1997 was not income subject to payment of child support:

> But I fall on the side that it's [option income] not income, and I indicated previously, I'm drawn to that's essentially by the way it was treated, essentially, at the time of the divorce. But this is one of those decisions that I make, that I frankly can see the merits of the Court of Appeals saying I'm wrong.

However, the court ruled that any stock options exercised in the future were to be considered as income, and the guideline amount of child support was to be paid from that source.

As to the $9,900 cap on gross income in the amended final decree, the court held:

> I'm saying the cap is removed now. At least in order in my mind to bring the language of the decree into line with the existing law.
>
> ***
>
> I didn't find -- I didn't make a finding one way or the other on [change in] circumstances. I didn't find that there was no change, nor did I find that there was a change. I simply ruled as a matter of law that the cap of $9,900 ought not to apply.

In our opinion, the trial court erred in failing to determine whether a significant variance existed under the guidelines that would justify a modification of the amended final decree. However, we are able to make such a determination from the record.

# I.

## Stock Options as Income

First, we must examine the basis for the existing child support order and Husband's current income in order to determine if modification is appropriate. *Turner*, 919 S.W.2d at 344. The Child Support Guidelines define "gross income" as:

> Gross income shall include all income from any source (before taxes and other deductions), whether earned or unearned, and includes but is not limited to, the following: wages, salaries, commissions, bonuses, overtime payments, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, benefits received from the Social Security Administration, i.e., Title II Social Security benefits, workers compensation benefits whether temporary or permanent, judgments recovered for personal injuries, unemployment insurance benefits, gifts, prizes, lottery winnings, alimony or maintenance, and income from self employment. Income from self-employment includes income from business operations and rental properties, etc., less reasonable expenses necessary to produce such income. Depreciation, home offices, excessive promotional, excessive travel, excessive car expenses, or excessive personal expenses, etc., should not be considered reasonable expenses. "In kind" remuneration must also be imputed as income, i.e., fringe benefits such as a company car, the value of on-base lodging and meals in lieu of BAQ and BAS for military member, etc.

Tenn. Comp. R. & Reg. ch. 1240-2-4-.03(3)(a). It appears, then, that income encompasses monies from such things as dividends on stock, capital gains from the sale of assets, gifts, and even lottery winnings. There is no exemption for income or capital gains from assets that are dispersed as part of the marital property. However, we have previously held that the guidelines do not require that an isolated capital gains transaction, such as the sale of a car, be included in the gross income of the non-custodial parent. *Eubank v. Eubank*, No. 02A01-9110-CV-00242, 1992 WL 295546, at *3 (Tenn. Ct. App. Oct. 20, 1992).

In examining the basis for the existing child support obligation in the present case, we find that all of the Husband's potential income was not factored into his original support obligation. The International Paper stock options were given to Husband as part of the division of marital property but were only valued at $14,950 in 1995.[2] The amended final

decree designated bonuses and base salary as income subject to child support, but no provision was made for income from Husband's exercise of stock options after 1995.[3] While Husband's base salary has not changed significantly since child support was originally set, it is undisputed that Husband received stock option income of $18,600 in 1996 and $48,437.50 in 1997 that he has not been required to pay child support out of. It is clear that Husband received a substantial increase in the amount of his disposable income as a result of the exercise of his stock options, and there is nothing in the record to suggest that he will not continue to receive this in the future. The guidelines do not allow the trial court to ignore income from the exercise of stock options in setting child support. *Smith v. Smith*, No. 01A-01-9705-CH-00216, 1997 WL 672646, at *3 (Tenn. Ct. App. Oct. 29, 1997). In addition, Husband's exercise of these options is not an isolated capital gains transaction.

The trial court should have taken Husband's stock options income into consideration in determining whether a significant variance exists. Since the amount of the option income varies from year to year, it would be fair to average the option income in 1996 and 1997 and add this figure to Husband's base salary. This would give a more realistic income figure for the purpose of determining whether a significant variance exists, since the option income received by Husband in 1997 is substantially higher than the previous year. The guidelines support such averaging of variable income. Tenn. Comp. R. & Reg. ch. 1240-2-4-.03(3)(b). The average gross stock option income for 1996 and 1997 is $33,519. When this is added to Husband's base salary for 1997 of approximately $108,000, the resulting income for 1997 is $141,519 or $11,793 gross income per month. The amount of child support due on this amount of income is approximately $1,762.[4] There is greater than a 15% difference between the current child support obligation and the guidelines amount on Husband's present income, even without taking any bonuses into consideration. A significant variance exists which justifies modification of the decree. We also believe that the trial court exceeded its authority by ordering an automatic

adjustment of child support from the bonus and stock option income. Tennessee Code Annotated § 36-5-101(a)(2)(A) only allows the court to set a *definite* amount of support to be paid at regular intervals. *See Smith*, 1997 WL 672646, at *2. A definite obligation provides a predictable amount of support for the dependant children and enables the non-custodial parent to plan to pay a known amount each month. *Id.* (quoting *Lovan v. Lovan*, No. 01-A-01-9607-CV-00317 (Tenn. Ct. App. Jan. 17, 1997)). Allowing the obligor to calculate his own child support obligation is fraught with problems and can cause needless conflict and litigation between the parents over relatively minor amounts of money. In fact, there was such a disagreement in this case over the Husband's calculation of the amount of support due out of his 1996 bonus. Such time-consuming quarrels will be avoided if the trial court sets a definite amount that all parties can count on each month. Setting a definite amount also enables a trial court to determine if the obligor is complying with court orders. We, therefore, reverse the trial court's order denying Wife's Petition to Modify Final Decree of Divorce and the portion of the trial court's order that only requires Husband to pay 21% of his future bonuses and stock options. In determining a figure for Husband's annual income which takes into account all of his variable income, we believe that bonuses and option income should be averaged and added to Husband's base salary.[5] This gives us an annual gross income of $159,369, or $13,281 per month. The child support obligation on this amount is $1,973 per month.[6] Husband's child support obligation is hereby increased to $1,973 per month, effective October 5, 1997. Tenn. Code Ann. § 36-5-101(a)(5).

## II.

## Removal of Cap on Income

In its order, the trial court also removed the $9,900 cap on Husband's income subject to child support in the amended final decree. We find that this comports with the present state of the law governing child support and affirm this portion of the trial court's order.

When the amended final decree was entered in 1995, the Child Support Guidelines imposed a cap on the amount of net income that was subject to a child support obligation. § 1240-2-4-.04(3) (1989) of the guidelines reads as follows:

> The court must order child support based upon the appropriate percentage of all net income of the obligor as defined according to 1240-2-4-.03 of this rule but alternative payment arrangements may be made for the award from that portion that exceeds $6,250.

The gross monthly income that would produce $6,250 in net income was approximately $9,900. That is apparently why the income cap on base salary plus bonus income was included in the amended final decree, and the option income was not dealt with at all. In other words, the Husband's base salary plus his bonus income, which averaged $21,750, would virtually always meet or exceed the cap, so the option income properly was not considered. This section of the guidelines had been replaced by the time the divorce referee heard Wife's petition to modify the final decree with the following language:

> The court must consider all income of the obligor as defined according to 1240-2-4-.03 of this rule. The court must order child support based upon the appropriate percentage to the custodial parent up to a net $10,000 per month of the obligor's income. When the net income of the obligor exceeds $10,000 per month, the court may consider a downward deviation from the guidelines if the obligor demonstrates that the percentage applied to the excess of the net income above $10,000 a month exceeds a reasonable amount of child support based upon the best interest of the child and the circumstances of the parties. The court may require that sums paid above the percentage applied to the net income above $10,000 be placed in an educational or other trust fund for the benefit of the child.

Tenn. Comp. R. & Reg. ch. 1240-2-4-.04(3) (effective October 5, 1997). In order to bring the amended final decree into compliance with current law, the trial judge removed the cap on Husband's income, which could now include the option income. We agree with the removal of the cap and affirm this portion of the trial judge's order.

### III.

### Award of Attorney's Fees

Husband contends that the trial court improperly ordered him to pay attorney's fees to Wife's counsel for having to bring this action to recover child support. The recovery of reasonable attorney's fees in child support matters has been authorized by statute in Tennessee for many years. Tenn. Code Ann. § 36-5-103(c)*; Deas v. Deas*, 774 S.W.2d 167, 169 (Tenn. 1989). The parties' minor child is entitled to recover attorney's fees incurred on his behalf; otherwise, he would be helpless to enforce his right to support. *See id.* (quoting *Graham v. Graham*, 140 Tenn. 328, 204 S.W. 987 (1918)). Awarding fees is within the discretion of the court, and no abuse of discretion occurred in this case. We affirm the portion of the trial court's order awarding attorney's fees to Wife. In addition, we hold that Wife is also entitled to recover her attorney's fees for this appeal.

## IV.

### Conclusion

We reverse the trial court's order denying Wife's Petition to Modify Final Decree of Divorce and the portion of the trial court's order that requires Husband to pay 21% from his annual bonus and stock option income. We affirm the portion of the order removing the $9,900 per month cap on income subject to the Child Support Guidelines and awarding Wife her attorney's fees. The Amended Final Decree of Divorce is hereby modified to require Husband to pay $1,973 per month in child support, which takes into account bonus income, stock option income, and base salary, to be effective October 5, 1997, consistent with this opinion. Furthermore, we remand this cause to the trial court to set attorney's fees for this appeal.

The judgment of the trial court is modified as herein stated, and the case is remanded to the trial court for the setting of attorney's fees for appeal and for such further proceedings as are necessary.

_____  F. LLOYD TATUM, SENIOR JUDGE

CONCUR:

_____
ALAN. E. HIGHERS, JUDGE

_____
DAVID R. FARMER, JUDGE