**Mary Arlene Lawson DEAS, Plaintiff–Appellant,**

v.

**Laurence Anthony DEAS, Respondent–Appellee.**

Supreme Court of Tennessee, at Nashville.

July 10, 1989.

Thomas S. Nelms, III, Gordon & Bottorff, P.C. and Charles G. Blackard, III, Gordon & Bottorff, P.C., Brentwood, for plaintiff-appellant.

John D. Kitch, Kitch, Deas & Klein, Nashville, for respondent-appellee.

## OPINION

HARBISON, Justice.

This case is before the Court upon an application for attorney's fees by appellant, the mother of a sixteen-year-old boy, following the resolution of a custody dispute between her and the father, appellee here. The trial judge held a separate hearing on the question of attorney's fees and made an award to the mother. The Court of Appeals reversed, holding that the application for fees was not timely. After careful consideration of the record, we reverse and reinstate the judgment of the trial court.

The parties were divorced by decree of the Circuit Court of Williamson County, Tennessee, on April 9, 1985. At that time the only child of the parties was about fourteen years of age. Joint custody was agreed upon by the parents, but the son resided primarily with his mother.

In March 1987, appellant filed a petition to modify the previous custody and support agreement which she and appellee had entered into at the time of the divorce. She sought sole custody of the minor with appropriate visitation rights being accorded to the father, and she sought an adjustment of the periodic support payments which would necessarily be incident to the exclusive custody arrangement. The petition contained a prayer for general relief. It did not contain a specific prayer for counsel fees or expenses.

Thereafter, on July 31, 1987, the father filed a motion seeking authority to have the child reside with him pending resolution of the mother's custody petition. The interim arrangement was sought because a new school year was about to begin.

The trial judge held an evidentiary hearing on August 7, 1987. At the conclusion of all of the evidence, the trial judge was convinced that the joint custody arrangement previously existing was no longer practicable. He ordered custody to be given to the mother and the necessary adjustments in periodic support payments to be made. A decree reflecting that decision was prepared by counsel for the mother and was duly entered by the trial judge on August 18, 1987. The decree recited that the August 7 hearing encompassed both the mother's petition and the father's motion.

In the meanwhile, on August 13, 1987, counsel for the mother filed a motion to be allowed attorney's fees incident to the preparation and trial of the custody case. A series of motions ensued, as a result of which the trial judge concluded that he would not award attorney's fees without a specific amendment to the mother's petition praying for same. He allowed such an amendment to be filed, however, over objection by counsel for appellee, and on December 1, 1987, conducted a separate hearing on the question of awarding attorney's fees and the amount thereof. At the conclusion of that hearing the trial judge awarded fees to counsel for the mother, and counsel for the father appealed.

In its opinion the Court of Appeals originally indicated that the prayer for general relief was insufficient to permit the allowance of attorney's fees. It suggested that a specific prayer for such fees would be necessary, similar to the requirement of the pleading of special damages pursuant to Rule 9.07, Tennessee Rules of Civil Procedure. In this connection the court cited the case of *Marshall v. First National Bank*, 622 S.W.2d 558 (Tenn.App.1981), a case not involving child custody or support but the allowance of fees to the life income beneficiary in proceedings concerning the distribution of stock dividends from a trust.

Upon petition to rehear the court recognized that in earlier unreported cases the recovery of attorney's fees had been permitted under a prayer for general relief and that in cases involving minors special pleading had not generally been deemed necessary for that purpose. The court held that in this case, however, the amendment to the petition seeking attorney's fees

> [c]ame too late because a final judgment had been entered prior to the amendment, and Rule 15 clearly afforded no basis for the action taken.

We respectfully disagree. Rule 15.01, Tennessee Rules of Civil Procedure, provides for certain amendments as a mat-

ter of course prior to the filing of a responsive pleading. The rule then states:

> Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

Leave was given in the present case, and it was given pursuant to motion filed prior to the entry of the decree of August 18, 1987. At the time the decree was entered, a motion for fees was pending and had not been heard. The judgment entered on August 18, 1987, therefore, was not "final" within the meaning of Rule 54.02, Tennessee Rules of Civil Procedure. That rule provides that in the absence of a specific determination that a partial judgment be final,

> ... any order or other form of decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all of the claims and the rights and liabilities of all of the parties.

Undoubtedly it would be far better practice for counsel specifically and specially to include a prayer for attorney's fees in all cases in which they are sought. In cases involving the custody and support of children, however, it has long been the rule in this State that counsel fees incurred on behalf of minors may be recovered when shown to be reasonable and appropriate. In the case of *Graham v. Graham,* 140 Tenn. 328, 204 S.W. 987 (1918), this Court stated:

> We also think that the children are entitled to their reasonable counsel fees incurred in their behalf, otherwise they would be helpless to enforce their right of support and maintenance against a reluctant father. The same reason which allows a wife counsel fees in a suit for divorce applies with full force to this case. There is a sound public policy which places in easy reach of the minor

children the machinery of the law to compel their rights by suit against an unwilling father. The right to have him pay reasonable counsel fees is inseparable from this right.

140 Tenn. at 334–335, 204 S.W. at 989.

The recovery of attorney's fees in child support and custody matters has been authorized by statute in this State for many years. T.C.A. § 36–5–103(c) provides:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

■ We do not consider counsel fees to be "special damages" within the purview of Rule 9.07 of the Tennessee Rules of Civil Procedure in cases covered by the foregoing statute. In our opinion a prayer for general relief is ordinarily sufficient to authorize the award of counsel fees under T.C.A. § 36–5–103(c). The trial judge in this case, however, carefully preserved the procedural rights of the father by requiring an amendment to the petition and setting separately and specially the hearing thereon. No question has been raised as to the amount of the fees actually awarded or the need of the wife to incur legal expenses on behalf of the child.

■ In non-jury cases it is not necessary that a trial judge dispose of all issues at the same time. The court may set issues separately and dispose of them at different times and may during the pendency of proceedings permit the amendment of pleadings if deemed appropriate.

■ Counsel for appellee indicate that in reaching this decision the Court is making

a departure from past practice and precedent, and that our decision should be prospective only. We respectfully disagree. In our opinion the practice and procedure followed by the trial judge in this case is that which has long been traditional and deemed to lie well within the discretion of a trial judge in a non-jury matter. As provided in the statute quoted above, the entire matter is subject to the discretion of the trial judge. If the trial judge deems that fees are inappropriate or that the awarding of them would be inequitable or unnecessary, the court may decree accordingly. There is no absolute right to such fees, but their award in custody and support proceedings is familiar and almost commonplace. In the present case apparently the trial judge felt that the wife's original petition did not give sufficient notice to the husband that such fees might be requested, and for that reason he took the procedural safeguards above described.

As previously stated, this controversy could have been avoided if counsel for the mother had simply included in her petition a prayer for attorney's fees.[1] The prayer for general relief would have been legally sufficient in this type of case, but we think that the trial judge acted prudently and appropriately in requiring an amendment to the petition and a separate hearing at which evidence in support of the claimed fees could be adduced subject to the right of cross examination and of producing countervailing evidence by the opposing party.

The procedure followed in this case was not unlike that approved in *Qualls v. Qualls,* 589 S.W.2d 906 (Tenn.1979) regarding a claim for alimony. There the Court of Appeals set aside an alimony award made in a default judgment because the divorce complaint did not contain a prayer specifically requesting that relief. The Court, however, remanded the case to the trial court, over the objection of the husband, so that the wife might amend her complaint to seek alimony. This Court affirmed.

Of course, default cases present considerations not involved here, but we approve the procedure followed by the trial judge when counsel for appellee challenged the sufficiency of the pleadings with respect to the claim for counsel fees.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is reinstated. Costs incident to the appeal will be taxed to the appellee. The cause will be remanded to the trial court for collection of costs accrued there and for any other proceedings which may be necessary.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.

---

1. For that reason we direct that no further fees be allowed incident to this appeal.