IN THE COURT OF APPEALS OF TENNESSEE

BOBBY STEPHEN CANNON, ) C/A NO. 03A01-9702-CV-00059
)
        Plaintiff-Appellant,)
)
)
v. )
)
)
)
TERRI LYN LIVINGSTON CANNON, ) APPEAL AS OF RIGHT FROM THE
) BLOUNT COUNTY CIRCUIT COURT
        Defendant-Appellee, )
)
)
and )
)
)
)
BETTY LIVINGSTON, )
)
        Intervening Party- ) HONORABLE W. DALE YOUNG,
        Appellee. ) JUDGE

FILED

June 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellant                    For Appellee Terri Lyn
                                    Livingston Cannon

F. D. GIBSON                     R. D. HASH
KEVIN TEFFETELLER                Maryville, Tennessee
Maryville, Tennessee

                                 For Appellee Betty Livingston

                                 NO APPEARANCE


O P I N I O N


AFFIRMED AND REMANDED                              Susano, J.

1

This is a post-divorce dispute concerning the custody of Tabitha LeAnn Cannon, age ten. The order of the trial court, from which this appeal was taken, denied the petition of the child's father, Bobby Stephen Cannon (Father), for change of custody. Instead, the trial court continued the child's custody in her mother, Terri Lyn Livingston Patterson (Mother), who had been granted sole legal custody of the child when she and Father were divorced on February 12, 1987. On this appeal, Father initially raised two issues. He argued that the trial court abused its discretion in failing to change custody. He also contended in his brief that "the trial court erred in awarding legal fees to a non-successful intervening party," i.e., the child's maternal grandmother, Betty Livingston (Intervening Party).

At oral argument, Mother and Father presented this court with an agreed order providing that they had

> settled all issues regarding custody of the
> minor child by Agreed Order submitted to
> [the] Blount County Circuit Court in which
> [Father] shall receive full legal custody of
> the child.

The panel of this court assigned to hear this case signed the order, and it was filed with the clerk of this court on May 14, 1997. Therefore, the only issue now before us is the propriety of the trial court's order providing that the attorney's fees of the Intervening Party in the amount of $3,528.75 are "to be divided equally between the parties," i.e., Father and Mother.

2

I

Shortly after the Cannons' divorce, Mother permitted the minor child to go to Mississippi to visit with Intervening Party. The stay became an extended one. The child remained continuously with Intervening Party in Mississippi until December, 1987, when both returned to Blount County. Thereafter, the child continued to live with Intervening Party in Blount County or Knox County and was residing there at the time of the hearing below. While the child's primary residence was with Intervening Party, she visited her parents on a regular basis.

Intervening Party had secured an order from the Blount County Juvenile Court on September 12, 1988, vesting "the exclusive custody and control" of the child in Intervening Party. Intervening Party and the child's parents operated under this order, which included visitation "privileges" for both parents, until Judge W. Dale Young, Judge of the Blount County Circuit Court, held in the instant case on June 7, 1995, that the Juvenile Court order was void because that court lacked subject matter jurisdiction to enter it.

II

After Father filed his petition for change of custody in the instant case, the maternal grandmother filed a motion to intervene in this proceeding, in which motion she made the following allegations:

3

Petitioner avers that she is the maternal grandparent of the parties' minor child, Tabitha Leann Cannon, that she has had the physical custody of the minor child for a long period of time, and that she loves this child and has cared for and supported this child since being awarded custody on the 12th day of September, 1988, in the Juvenile Court for Blount County, Tennessee.

Petitioner avers that it is in the best interests of the minor child that she be awarded permanent custody, reserving the right of visitation to the parents.

In her petition, Intervening Party asked

[t]hat upon the hearing of this cause, Intervening Petitioner be awarded the physical custody of the parties' minor child, Tabitha Leann Cannon, subject to visitation privileges of the Plaintiff and Defendant.

When this matter was heard in the Blount County Circuit Court, the trial judge granted the motion to intervene and asked Intervening Party's counsel what relief she sought. Counsel replied, in pertinent part, as follows:

I guess the Court needs to hear just a brief history. We have literally had the care of this child for eight or nine years. And this grandmother has taken care of her, and she has petitioned the Court for custody of the child. Now we are realistic enough to know that the current state of the law, since this case has been pending is more--is pronounced in favor of parents against third parties who have the care of children, even for long extended periods of time. And therefore; we modify our position at this point. The Court has made a statement that our daughter has custody and we think that is proper. We think at this time that's a good thing for the Court to decide, and we are asking that custody be granted to her--or to stay with

4

> her I guess is more proper. There does need
> to be a phasing-in period under the guidance
> of Dr. Kaufman, and we basically have agreed
> to that already.
>
> So between the two of us there is not much of
> a complaint with the Court. We do object to
> Mr. Cannon's obtaining custody of this child,
> and I guess the reason we ought to be here as
> a party is because my client has literally
> had the physical custody of this child for
> some time by agreement of both of these
> parties, not just this lady, but also Mr.
> Cannon.

## III

Husband argues that when this case was tried below, Intervening Party was no longer seeking custody, was ultimately unsuccessful in persuading the court not to change custody to Father, and is therefore not entitled to have her fees paid by the natural parents. Mother joins in this position. We respectfully disagree.

A trial court has discretion to award attorney's fees in custody proceedings. T.C.A. § 36-5-103(c); *Graham v. Graham*, 204 S.W. 987, 989 (Tenn. 1918); *Sherrod v. Wix*, 849 S.W.2d 780, 784-85 (Tenn.App. 1992). The Supreme Court has referred to such awards as "familiar and almost commonplace." *Deas v. Deas*, 774 S.W.2d 167, 170 (Tenn. 1989).

While ability to pay is a factor to be considered in such awards, "trial courts may award attorney's fees without proof that the requesting party is unable to pay them as long as the award is just and equitable under the facts of the case."

5

*Sherrod*, 849 S.W.2d at 785.

Father and Mother contend that Intervening Party is not entitled to fees for two reasons: first, she was not seeking custody at the time of the hearing, and second, she was ultimately not successful in opposing Father's request for change of custody. We find neither argument persuasive. She was successful in opposing Father's request for change of custody until sometime after the hearing below, when the child's parents entered into an agreed order granting Father the relief he sought. In fact, the trial court's first order following the hearing in June, 1995, provided

> [t]hat the Intervening Petitioner, Betty Livingston, the grandmother of the minor child, shall have physical custody of the minor child, Tabitha Leann Cannon, with the legal custody to remain with the mother, Terri Patterson.

It was not until we remanded this case to the trial court for the entry of a final order addressing Intervening Party's request for attorney's fees that the trial court completely eliminated Intervening Party from the custody "picture."[1]

As to the argument that Intervening Party's failure to seek custody at the final hearing should make her ineligible to receive attorney's fees, we note that Intervening Party had

---

[1]In its final order of September 19, 1996, the trial court awarded Intervening Party attorney's fees of $3,528.75 and again awarded Mother custody of the minor child; however, this subsequent order did not award Intervening Party physical custody of the child, as had the earlier order.

something more than a pedestrian interest in this proceeding. The child had been with Intervening Party for some eight years. For approximately seven of those years, the child had been with Intervening Party pursuant to, and the parties had operated under, a Juvenile Court order, which, though ultimately determined to be void, had addressed the respective rights of these three parties with respect to this child. In our opinion, the maternal grandmother was an appropriate party to this proceeding. It is clear to us that but for the law's general preference for parents over third parties, she would have continued to seek her granddaughter's custody in this case.

Under the unique circumstances of this case, we do not find that the evidence preponderates against the trial court's award of attorney's fees. The award was "just and equitable under the facts of the case." *See* **Sherrod**, 849 S.W.2d at 785. There has been no showing that the trial court abused its discretion.

The order of the trial court is affirmed. Costs on appeal are taxed half to the appellant and half to the appellee Mother. This case is remanded to the trial court for the enforcement of the trial court's order and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:

7

_____
Don T. McMurray, J.


_____
William H. Inman, Sr.J.