IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 18, 2003 Session

## JANIS LYNN TURNER
### v.
## ANDRE ALEXANDER YOVANOVITCH

**Appeal from the Circuit Court for Davidson County**
**No. 97D-66     Muriel Robinson, Judge**

---

**No. M2002-01164-COA-R3-CV - Filed September 11, 2003**

---

This is a child support modification case. The father's net monthly income was in excess of $10,000 per month. The trial court, stating that it was in the child's best interest and welfare, included father's income in excess of $10,000 in calculating his child support obligation. On appeal, the father asserts that the mother failed to prove by a preponderance of the evidence that the child support based on income greater than $10,000 per month was reasonably necessary to provide for the needs for the minor child, as contemplated in Tennessee Code Annotated section 36-5-101(e)(1)(B). We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Wende J. Rutherford, Nashville, Tennessee, for appellant, Andre Alexander Yovanovitch.

Robert Todd Jackson, Nashville, Tennessee, for appellee, Janis Lynn Turner.

Paul G. Summers, Attorney General and Reporter, and Stuart F. Wilson-Patton, Senior Counsel, for appellee, State of Tennessee.

### OPINION

Petitioner/Appellee Janis Lynn Turner ("Mother") and Respondent/Appellant Andre Alexander Yovanovitch ("Father") were married in 1992. One child, Zoe Eliza Turner-Yovanovitch ("Zoe"), was born of the marriage on April 27, 1995. Mother and Father divorced in 1997, and entered into a Marital Dissolution Agreement ("MDA"). The MDA provided that Father would pay Mother $1,000 per month in child support. It was anticipated that this amount would approximate

twenty-one percent of Father's combined work salary and bonus. The MDA also provided that the parties would equally share expenses for Zoe's private school education.

In May 1998, Mother petitioned to modify Father's child support obligation, arguing that there was a significant variance between the amount being paid by Father at that time and the amount of support that should be paid based on his income. The trial court found at that time that Father's average gross monthly income was $12,316, and accordingly increased his child support obligation to $1,770 per month.

On October 24, 2001, Mother filed another petition for an increase in child support. In the petition, she asserted that Father's gross annual income had "increased dramatically," to perhaps in excess of $300,000. Father made an offer of judgment of $2,124 per month, asserting that "[s]aid amount is the maximum amount allowable under the Tennessee Child Support Guidelines in that [Father's] net monthly income exceeds $10,000." Apparently the offer was not accepted, as Father later responded to Mother's complaint. In his response, Father asked the trial court to set child support at $2,124 per month.

A hearing was held on February 28, 2002. Mother submitted a statement estimating her current monthly expenses at $5,904 and apportioning $1,957.93 to Zoe. She said that she withdrew Zoe from private school because she could not afford to pay her half of the tuition as contemplated in the MDA. Mother wanted to re-enroll Zoe in private school. She investigated three schools and found that tuition ranged from $7,600 per year to over $10,000 per year. Mother stated that if she received more child support and had more money to spend on Zoe, she would have her attend private school and would provide art lessons, dance lessons, and educational travel for her. Mother acknowledged that, at that time, Zoe participated in Girl Scouts, ice skating, piano lessons, and swimming lessons.

Father testified that his 1999 income was $128,340. His income for 2000 was $360,401. Father said that his income for 2001 was $444,000,[1] and projected his 2002 income to be $275,000. Father asserted that $2,124 per month was "an ample amount of money to take care of" Zoe.

At the conclusion of the hearing, the trial court made a factual finding that Father's gross income was $275,000 per year.[2] Accordingly, child support was set at $3,342 per month. A written order memorializing this oral ruling was entered March 15, 2002. The order states, in part:

> [T]his is an appropriate case to deviate upwards on the [Tennessee Child Support] Guidelines in awarding the above amount of child support. The Court finds the [Father's] current gross income to be Two Hundred Seventy-Five Thousand Dollars ($275,000) per year. The Court makes a specific finding that increasing the amount

---

[1] Father's 2001 income included a one-time signing bonus of $150,000.

[2] The record does not include the trial court's calculation of Father's net income.

[of child support] . . . to Three Thousand Three Hundred Forty-Two Dollars ($3,342) per month is in the best interest and welfare of the parties' minor child, and in order for the minor child to enjoy a higher standard of living that the [Father] now enjoys as a result of his increased income.

Thus, the trial court found that it was in Zoe's best interest and welfare to increase Father's child support obligation to $3,342 per month. Father moved to alter or amend the trial court's Order, which was denied. From this order, Father appeals.

On appeal, Father asserts that Mother failed to carry her burden of proving by a preponderance of the evidence that support in excess of $2,124 per month is reasonably necessary to provide for the needs of the minor child, as contemplated in section 36-5-101(e)(1)(B) of the Tennessee Code Annotated.[3] Mother argues that the evidence supports the trial court's ruling, and that Father has not rebutted the presumption that the Tennessee Child Support Guidelines should apply to the full amount of his income. She also contends that section 36-5-101(e)(1)(B) violates the United States Constitution and the Tennessee Constitution. Mother additionally requests her attorney's fees as they relate to this appeal. The Tennessee Attorney General[4] asserts that the issue can be decided on non-constitutional grounds, that Mother waived her right to challenge the constitutionality of section 36-5-101(e)(1)(B), and that section 36-5-101(e)(1)(B) violates neither the United States Constitution nor the Tennessee Constitution.

Since this case was tried by the trial court sitting without a jury, we review the trial court's factual findings *de novo* "accompanied by a presumption of the correctness of the finding unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. ***See Campbell***, 919 S.W.2d at 35. We review child support determinations using the familiar "abuse of discretion" standard. ***Kreuser v. Smith***, No. M2001-03135-COA-R3-CV, 2003 Tenn. App. LEXIS 32, at *4 (Tenn. Ct. App. Jan. 16, 2003). However, while the trial court is vested with discretion in setting child support, it must exercise that discretion within the confines of the Child Support Guidelines and the applicable statutes. ***Berryhill v. Rhodes***, 21 S.W.3d 188, 193 (Tenn. 2000).

Section 36-5-101(e)(1) of the Tennessee Code Annotated states:

(e)(1)(A) In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court

---

[3]Neither Father nor Mother argues that the trial court erred in setting Father's 2002 income at $275,000. In addition, neither party argues the application of the provision of the MDA requiring each party to pay half of Zoe's private school expenses. Indeed, the trial court found that both parties had disregarded this provision of the MDA.

[4]The Tennessee Attorney General filed a Notice of Appearance pursuant to Tennessee Rule of Appellate Procedure 32(c) in order to defend the constitutionality of section 36-5-101(e)(1)(B) of the Tennessee Code Annotated.

finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

(B) Notwithstanding any provision of this section or any other law or rule to the contrary, *if the net income of the obligor exceeds ten thousand dollars ($10,000) per month, then the custodial parent must prove by a preponderance of the evidence that child support in excess of the amount, [calculated by multiplying the appropriate percentage set forth in the child support guidelines by a net income of ten thousand dollars ($ 10,000) per month], is reasonably necessary to provide for the needs of the minor child or children of the parties.* In making its determination, the court shall consider all available income of the obligor, as required by this chapter, *and shall make a written finding that child support in excess of the amount so calculated is or is not reasonably necessary to provide for the needs of the minor child or children of the parties.*

Tenn. Code Ann. § 36-5-101(e)(1) (2001) (emphasis added). Thus, under this statute, in determining child support for an obligor parent whose net income is less than $10,000 per month, the trial court is to apply the rebuttable presumption that the amount set forth in the Child Support Guidelines is correct. For an obligor parent whose monthly net income exceeds $10,000, however, the custodial parent must prove by a preponderance of the evidence that child support based on income in excess of $10,000 per month is reasonably necessary to provide for the needs of the child. In addition, the trial court is required to make a written finding of fact that the additional funds are reasonably necessary for the needs of the child.

Child support decisions are to be made based on the child's best interest. *Cunningham v. Cunningham*, No. W1999-2054-COA-R3-CV, 2000 Tenn. App. LEXIS 713, at *23 (Tenn. Ct. App. Oct. 20, 2000). "One major goal expressed in the [Child Support Guidelines] is 'to ensure that when parents live separately, the economic impact on the child(ren) is minimized and to the extent that either parent enjoys a higher standard of living, the child(ren) share(s) in that higher standard' " *Nash v. Mulle*, 846 S.W.2d 803, 804-05 (Tenn. 1993) (quoting Tenn. Comp. R. & Regs. 1240-2-4-.02(2)(e) (1989)); *see also Cunningham*, 2000 Tenn. App. LEXIS 713, at *24. The Tennessee Supreme Court has stated that "[t]his goal is consistent with our long-established common law rule, which requires that a parent must provide support 'in a manner commensurate with his means and station in life.' " *Nash*, 846 S.W.2d at 805 (quoting *Evans v. Evans*, 140 S.W. 745, 747 (Tenn. 1911)). The court observed: "[M]ost parents living within their means would not be able to present lists of expenditures made in the mere anticipation of more child support." *Id.* at 806.

A similar issue was discussed in ***Kreuser v. Smith***, No. M2001-03135-COA-R3-CV, 2003 Tenn. App. LEXIS 32 (Tenn. Ct. App. Jan. 16, 2003). In ***Kreuser***, the father was required to pay forty-one percent of his net income towards child support. ***Id***. at *5 & n.1. Based on his income, the child support set by the trial court amounted to $10,000 per month, $5,900 of which was based on the father's net income over $10,000 per month. ***Id.*** at *6-*7. At the trial court level, the mother presented evidence of expenses of $7,792.71 per month. ***Id.*** at *7. There is no indication that she testified about how additional monies would be spent on the children if the additional funds were available. Under those circumstances, the reviewing court reduced the father's child support obligation to $7,800 per month. ***Id.*** at *8.

In this case, at the time Mother filed her petition to increase child support, she was receiving $1,770 per month from Father for Zoe. Based on this amount of support, she was unable to afford her half of Zoe's private school education expenses. Mother testified that, if she received more child support and had more money to spend on Zoe, she would re-enroll her in private school and would provide art and dance lessons, as well as educational travel. Thus, in contrast with ***Kreuser***, Mother testified not only about her actual monthly expenses for Zoe, but also testified to what she could provide for Zoe if the funds were available. In connection with her petition to increase child support, Mother is not required to produce "lists of expenditures made in the mere anticipation of more child support." ***Nash v. Mulle***, 846 S.W.2d at 803, 806 (Tenn. 1993). Under all of these circumstances, we conclude that Mother showed by a preponderance of the evidence that child support based on Father's net income in excess of $10,000 per month was reasonably necessary to provide for Zoe.

The trial court found that Father's annual gross income was $275,000. This has not been appealed, and indeed seems conservative based on Father's earning history. The trial court applied the Guidelines to this amount of income, thus including in the calculation Father's net monthly income in excess of $10,000. Under section 36-5-101(e)(1)(B), the trial court was required to make a written finding that child support based on Father's net monthly income in excess of $10,000 per month is "reasonably necessary to provide for the needs of the minor child." The trial court instead made the following written finding:

> The Court makes a specific finding that increasing the amount [of child support] to Three Thousand Dollars ($3,342) per month is in the best interest of the parties' minor child, and in order for the minor child to enjoy a higher standard of living that the [Father] now enjoys as a result of his increased income.

Although the trial court did not use the term "reasonably necessary," we must conclude that the written finding of the trial court is equivalent to a finding that the increased support is reasonably necessary to provide for Zoe's needs, and remanding for a finding on this issue is not warranted.[5]

---

[5]It should be noted that, under ***Barnett v. Barnett***, 27 S.W.3d 904 (Tenn. 2000), private school tuition is considered an extraordinary expense under the child support guidelines, which must be added to the obligor parent's child support obligation. ***Barnett***, 27 S.W.3d at 907. Rule 1240-2-4-.04 of the Child Support Guidelines of the Tennessee Department of Human Services provides: "Extraordinary educational expenses . . . shall be added to the

(continued...)

Mother asserts that section 36-5-101(e)(1)(B) of the Tennessee Code Annotated violates both the United States Constitution and the Tennessee Constitution. She points to no place in the record, however, in which she raised this issue in the trial court below. Thus, for purposes of this appeal, the issue has been waived. *See Lawrence v. Stanford*, 655 S.W.2d 927, 929-30 (Tenn. 1983) (citations omitted) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion.").

Mother also seeks her attorney's fees for this appeal. "In cases involving the custody and support of children . . . it has long been the rule in this State that counsel fees incurred on behalf of minors may be recovered when shown to be reasonable and appropriate." *Deas v. Deas*, 774 S.W.2d 167, 169 (Tenn. 1995); *see also* Tenn. Code Ann. § 36-5-103(c) (2001). Mother's request is granted, and the cause is remanded for a determination of the amount of attorney's fees for this appeal.

The decision of the trial court is affirmed and the cause is remanded for further proceedings as set forth above. Costs on appeal are taxed to the appellant, Andre Alexander Yovanovitch, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[5](...continued)
percentage calculated in the above rule." Tenn. Comp. R. & Regs. 1240-2-4-.04(1)(c) (1997).