IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 25, 2011 Session

## MARK PATRICK JONES v. JENNIFER JONES SMTIH, ET AL.

**Direct Appeal from the Chancery Court for Henderson County**
**No. 19977     James Butler, Chancellor**

_____

**No. W2010-01160-COA-R3-CV - Filed December 12, 2011**

_____

Paternal Grandparents filed a motion to intervene in a divorce action between Mother and Father, seeking custody of the parties' two minor children. The trial court ultimately awarded custody to Mother and ordered Grandparents to pay a portion of Mother's attorney's fees and costs. Grandparents appeal, arguing that Tennessee Code Annotated section 36-5-103(c) only provides for awards of attorney's fees against *spouses* in a custody matter, and therefore, the trial court was not authorized to order them to pay Mother's attorney's fees. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

K. Michelle Morris, Lexington, Tennessee, for the appellants, Harold and Maryann Jones

Lanis L. Karnes, Jackson, Tennessee, for the appellee, Jennifer Jones Smith

# MEMORANDUM OPINION[1]

## I.    FACTS & PROCEDURAL HISTORY

In the midst of a divorce proceeding between Mark Patrick Jones ("Father") and Jennifer Jones ("Mother"), Harold and Maryann Jones ("Grandparents") filed a petition to intervene in order to seek custody of the parties' two minor children. Grandparents were permitted to intervene, and the proceedings basically devolved into a custody battle between Mother and Grandparents.[2]  The custody matter was tried over the course of twelve days, after which the trial court dismissed Grandparents' petition and named Mother primary residential parent.  The court also determined that it was appropriate to order Grandparents to pay a portion of Mother's attorney's fees pursuant to Tennessee Code Annotated section 36-5-103(c).  Mother sought to recover approximately $98,000 in attorney's fees and expenses in addition to discretionary costs.  The trial court ultimately ordered Grandparents to pay $60,000 of Mother's attorney's fees, expert witness fees in the amount of $3,718.00, and discretionary costs in the amount of $2,325.06, for a total award against the Grandparents of $66,043.06.  Grandparents timely filed a notice of appeal.

## II.    DISCUSSION

In Tennessee, the recovery of attorney's fees in custody matters has been authorized by statute for many years.  ***Deas v. Deas***, 774 S.W.2d 167, 169 (Tenn. 1989).  Tennessee Code Annotated section 36-5-103(c) provides:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the

---

[1] Rule 10 (Court of Appeals).  Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] Mother and Father stipulated to grounds for divorce and settled their property and support issues.

discretion of such court.

"There is no absolute right to such fees, but their award in custody and support proceedings is familiar and almost commonplace." **Deas**, 774 S.W.2d at 170.

Grandparents argue on appeal that section 36-5-103(c) only authorizes awards of attorney's fees against *spouses* because the statute states that "the spouse or other person to whom the custody of the child, or children, is awarded may recover *from the other spouse* reasonable attorney fees incurred . . . ." (emphasis added). However, in **Toms v. Toms**, 98 S.W.3d 140, 145 (Tenn. 2003), our Supreme Court interpreted this statute as authorizing awards of attorney's fees against other persons as well. In **Toms**, grandparents were permitted to intervene in a divorce action in order to seek custody of the parties' child. **Id.** After the mother was successful in defending against the grandparents' petition for custody, the Supreme Court determined that Tennessee Code Annotated section 36-5-103(c) permitted an award of her attorney's fees against the intervening grandparents. **Id.** The Court quoted the statutory language providing that "the spouse or other person" to whom custody is awarded may recover attorney's fees "from the other spouse," and then explained:

> From this language, it is clear that the *spouse* to whom custody is awarded may recover attorney's fees from the other *spouse*. It is also clear that a third person to whom custody is awarded may recover attorney's fees. In this case, however, the spouse having custody is seeking to recover attorney's fees from a third party intervenor seeking custody. We conclude that the statutory language supports such an award of attorney's fees.
>
> . . . Had Grandparents prevailed in this Court, they would have been entitled to recover attorney's fees from Mother, Father, or both under Tennessee Code Annotated section 36-5-103(c). See *D v. K*, 917 S.W.2d 682, 686 (Tenn. Ct. App. 1995) (construing Tennessee Code Annotated section 36-5-103(c) to allow for fees on appeal). We conclude that parties to whom attorney's fees may be awarded pursuant to this statute may also have attorney's fees awarded against them when their petition is unsuccessful.

**Toms**, 98 S.W.3d at 145.

In the case at bar, Grandparents acknowledge the Supreme Court's decision on this issue in **Toms**, but they argue that **Toms** was wrongly decided. Despite Grandparents' disagreement with **Toms**, however, this Court defers to and is bound by the rulings of our Supreme Court. Once the Tennessee Supreme Court has addressed an issue, its decision is binding on the lower courts, which have no authority to overrule or modify the Supreme

Court's opinions. ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 430 (Tenn. 2011). If Grandparents wish to pursue this matter further, they must seek review from the Supreme Court.

Grandparents alternatively argue that ***Toms*** is only applicable to awards of attorney's fees incurred on appeal. We recognize that after the Supreme Court interpreted section 36-5-103(c) in ***Toms***, it went on to award the mother her attorney's fees on appeal. However, there is nothing in the Court's discussion, or in the statute, to indicate that the Court's interpretation of the statute would only apply to awards on appeal. Therefore, for the reasons stated in ***Toms***, we conclude that the trial court was authorized to order Grandparents to pay Mother's attorney's fees pursuant to Tennessee Code Annotated section 36-5-103(c), and its award is hereby affirmed.

### III.    Conclusion

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellants, Harold and Maryann Jones, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.