Robert Brandon MARSHALL,
Plaintiff-Appellant,

v.

FIRST NATIONAL BANK OF LEWISBURG, Trustee, et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section.

Sept. 1, 1981.

Permission to Appeal Denied
by Supreme Court
Nov. 2, 1981.

Robert W. Knolton, Layton, McNees & Knolton, P. C., Oak Ridge, for plaintiff-appellant.

Knox Bigham, Lewisburg, for defendant-appellee, First Nat. Bank of Lewisburg, Lewisburg, Tenn.

Fred B. Hunt, Jr., Wilson & Hunt, Shelbyville, for defendants-appellees, Leslie Ann Marshall Neidergeses, Susan Marshall Lippe and Lillian Facto Marshall.

## OPINION

CANTRELL, Judge.

This is an action for attorneys' fees for the attorneys of the life income beneficiary of a trust. The life income beneficiary had successfully sued to have accumulated stock dividends of the trust paid to him.

In 1977 the appellant as the life income beneficiary of a trust established by the will of his father, probated in 1940, brought suit against the appellee Bank, the trustee named in the trust. The relief sought in that action was the payment as income of stock dividends that had accumulated over the years. The Chancellor denied relief on the ground that the appellant was guilty of laches. On appeal this Court reversed the Chancellor and held that the stock dividends were income and should be paid to the life income beneficiary, that the beneficiary was not barred by the Statute of Limitations and that he was not guilty of laches. The Supreme Court denied permission to appeal and the case was remanded to the Chancery Court of Marshall County for enforcement of the decree of the Court of Appeals.

The appellant moved then in the Chancery Court for the payment of his attorneys' fees from the corpus of the trust. The Chancellor denied the motion and the

appellant has appealed that decision to this Court. The matter is before this Court solely upon the motions, exhibits, and orders of the Chancellor concerning the refusal of the Trial Court to allow the appellant payment of his attorneys' fees and other expenses incurred in the prior litigation.

That is the sole issue before this Court: Whether under the circumstances of this case, the appellant is entitled to have his attorneys' fees and expenses paid out of the assets of the trust estate or by the trustee.

In an action involving a trust the award of attorneys' fees and expenses out of the corpus of the trust to attorneys in the litigation not employed by the trustee is within the discretion of the Trial Court. *Tigrett v. Tigrett*, 61 Tenn.App. 172, 453 S.W.2d 100 (1967). Such fees are allowed only when the services of such attorneys inure to the benefit of the entire estate as distinguished from services rendered to benefit one or more of the individuals interested in the trust. *Pierce v. Tharp*, 224 Tenn. 328, 455 S.W.2d 145 (1970). Unless some benefit is contributed to the preservation of the trust estate, such attorneys are not entitled to a fee out of the trust fund, notwithstanding the rule that a trust estate should bear the expense of the administration of the trust. *Id.* at 338, 455 S.W.2d at 149. In the instant case it is very difficult to characterize the prior litigation as anything but a suit to benefit the life income beneficiary.

The plaintiff contends that he is entitled to recover his attorneys' fees and expenses out of the trust corpus because his action was (1) an action to compel the trustee to perform his trust duties, or (2) an action to construe the ambiguity in a will. Although it is generally held that where an action is brought against a trustee for breach of trust or for maladministration, attorneys' fees will be allowed, *Hail v. Nashville Trust Co.*, 31 Tenn.App. 39, 212 S.W.2d 51 (1948), such fees should not be allowed where the trustee has been faithful, diligent, and successful in his administration. Here there was, at most, a technical fault on the part of the trustee in failing to pay over to the life income beneficiary stock dividends declared out of earnings. There is no suggestion of any misconduct or bad faith on the part of the trustee. Since the trustee genuinely believed that the disputed stock dividends belonged in the corpus and such belief was not without foundation, the fact that the beneficiary ultimately prevailed should not be sufficient in and of itself to authorize an award of attorneys' fees.

Where an ambiguity in a will reasonably requires litigation to resolve it, the expenses of such litigation will be charged against the trust estate of the testator who was responsible for the ambiguity. *First American National Bank v. Charlton*, 557 S.W.2d 500 (Tenn.1977); *Leaver v. McBride*, 506 S.W.2d 141 (Tenn.1974); *Moore v. Neely*, 212 Tenn. 496, 370 S.W.2d 537 (1963). Plaintiff contends that this suit took on the aspects of a will or trust instrument construction case, especially as the trustee took the position that the original will and trust instrument should be construed so as to disallow payment of accumulated stock dividends to the plaintiff. An allowance of attorneys' fees is appropriate where the estate cannot be administered and the parties are at a loss as to their position without a judicial construction of the will. However, such is not the case here; the construction of the will was not the focal point of this suit. The Chancellor did not abuse his discretion in disallowing attorneys' fees in this case.

An alternative ground for affirming the Trial Court's denial of an award of attorneys' fees is plaintiff's failure to plead such fees as an element of special damages in his complaint. Rule 9.07 of the Tennessee Rules of Civil Procedure requires that items of special damages be specifically stated in the pleadings. Federal Rule 9(g) is identical to Rule 9.07. The Federal Courts have held that their rule 9(g) requires that where attorneys' fees are sought as an element of special damages, it must be included in the pleadings. *Maidmore Realty Company, Inc. v. Maidmore Realty*

*Company, Inc.,* 474 F.2d 840 (3rd Cir. 1973); *Western Casualty & Surety Company v. Southwestern Bell Telephone Company,* 396 F.2d 351 (8th Cir. 1968).

 Attorneys' fees are special in Tennessee because the general rule is that in the absence of a contract, statute, or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation. *State v. Thomas,* 585 S.W.2d 606 (Tenn.1979). Since an award of attorneys' fees is fairly unusual, plaintiff should have the obligation of specially pleading such an item of damages. In cases involving trusts and large estates involving complex litigation, the attorneys' fees are apt to be substantial and it seems only fair to require the plaintiff to put the trustee on notice as to any claim for attorneys' fees.

We affirm the decision of the Chancellor and remand the case to the Chancery Court of Marshall County for any further proceedings that are necessary. The costs are taxed to the appellant.

AFFIRMED AND REMANDED.

TODD, P. J., (M. S.), and CONNER, J., concur.