# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 9, 2016 Session

## ARIANNA A. GEORGE ET AL. v. TESSA G. DUNN

**Appeal from the Chancery Court for Knox County**
**No. 189422-1    John F. Weaver, Chancellor**

---

**No. E2015-02312-COA-R3-CV-FILED-NOVEMBER 2, 2016**

---

This case involves a trustee's disbursement of funds from two trusts, without authorization of the trusts' respective beneficiaries, in order to pay legal expenses incurred in defending against a prior action filed against the trustee on behalf of the beneficiaries. The trial court had dismissed the prior action with prejudice in an agreed order entered on August 31, 2012, which further provided that the funds at issue would be disbursed by the trustee for the benefit of the beneficiaries. On April 13, 2015, the beneficiaries filed a complaint, alleging that the trustee had violated the terms of the August 2012 order and her fiduciary duty by writing checks against the trust funds in an amount totaling $30,563.16. The trustee filed an answer, asserting that pursuant to Maryland law governing the establishment of the trust accounts, she was entitled to be reimbursed from the trust accounts for legal fees incurred in defense of the prior lawsuit filed on behalf of the beneficiaries and ultimately dismissed. The beneficiaries filed a motion for summary judgment. Following a hearing, the trial court granted summary judgment in favor of the beneficiaries, awarding each beneficiary, respectively, $15,281.58 plus prejudgment interest and attorney's fees. The trustee appeals. Discerning no reversible error, we affirm. Having determined that the trial court did not abuse its discretion by awarding attorney's fees upon the finding that the trustee breached her fiduciary duty, we further determine an award to the beneficiaries of attorney's fees on appeal to be appropriate. We remand for the trial court to determine the amount of reasonable attorney's fees incurred by the beneficiaries during the appellate process.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Theodore R. Kern, Knoxville, Tennessee, for the appellant, Tessa G. Dunn.

Dudley W. Taylor, Knoxville, Tennessee, for the appellees, Arianna A. George and Alexa C. George.

## OPINION

### I. Factual and Procedural Background

The prior action filed on behalf of the beneficiaries also came before this Court on appeal. *See Taylor v. George*, No. E2014-00608-COA-R3-CV, 2015 WL 1218658 (Tenn. Ct. App. Mar. 16, 2015), *perm. app. denied* (Tenn. June 11, 2015). The trusts at issue were created through the Last Will and Testament of Gloria G. George ("Decedent"), who died in 2007 as a resident of Maryland. In her will, which was probated in Maryland, Decedent provided for the establishment of separate trusts for each of her two granddaughters, the plaintiffs, Arianna A. George and Alexa C. George (collectively, "Plaintiffs"), to be initially funded with $50,000.00 each. Decedent named as trustee her daughter, the defendant, Tessa G. Dunn, who is Plaintiffs' aunt. Plaintiffs are the children, now adults, of Decedent's son, James T. George, and his former wife, Melissa L. Taylor. Decedent also established a trust for Mr. George in her will, for which Ms. Dunn was the trustee. *See Taylor*, 2015 WL 1218658, at *2.

Decedent's will originally established Plaintiffs' trust funds with the following provisions:

a. If my son is then living, and if he has an obligation to make any payment to his former wife, Melissa L. George, pursuant to the Final Order of Separate Maintenance and Support dated November 27, 2001 and the Property and Separation Agreement dated November 27, 2001, and if Melissa L. George shall execute a receipt and release acknowledging satisfaction of said obligation in part (in the case of my son's older living child) or in whole (in the case of my son's younger living child), then:

(1) Upon such child attaining age eighteen (18), my Trustee shall distribute Forty Thousand Dollars ($40,000) from such child's trust to Melissa L. George for the express purpose of providing for such child's college, professional, and/or post-graduate education.

(2) With respect to the balance of such child's trust, my Trustee may expend such amounts of the net income, and to the extent the net income is insufficient then of the principal, of

2

the trust as is necessary or appropriate, in my Trustee's sole and absolute discretion, for the college, professional, and/or post-graduate education of such child.

As part of the 2001 Final Order of Separate Maintenance and Support, entered by a South Carolina court, Mr. George had agreed that he owed Ms. Taylor $80,000.00 in unpaid spousal and child support. *See Taylor*, 2015 WL 1218658, at *1.

On June 30, 2009, Ms. Taylor, acting on her own behalf and as next friend of Plaintiffs, filed an action against Mr. George and Ms. Dunn in the Knox County Chancery Court ("trial court"). Ms. Taylor alleged, *inter alia*, that Mr. George and Ms. Dunn had conspired to compel her to sign a release, as required by Decedent's will, in return for a $70,000.00 settlement of the $80,000.00 divorce judgment while failing to inform her that the $70,000.00 would be deducted from Plaintiffs' trust funds. *Id.* at *2. Ms. Dunn had written a $35,000.00 check from each Plaintiff's respective trust fund, and Mr. George had then delivered the $70,000.00 payment to Ms. Taylor's husband, Plaintiffs' current counsel, Dudley W. Taylor. *Id.* Ms. Taylor sought declaratory judgment regarding the parties' rights and liabilities, enforcement of the $80,000.00 divorce judgment, and a finding that Ms. Dunn had breached her fiduciary duties. *Id.* Ms. Taylor deposited the $70,000.00 check she had received into the registry of the trial court. *Id.*

On August 31, 2012, the trial court entered an agreed order dismissing with prejudice the claims filed against Ms. Dunn on behalf of Plaintiffs. The agreed order provided that the funds held by the court would be released to Ms. Dunn as trustee so that she could restore the funds to Plaintiffs' trust accounts. *Id.* The order further provided that the funds would be disbursed by Ms. Dunn "from the respective trusts for the benefit of Alexa C. George and Arianna A. George pursuant to the terms of the trust agreement[.]"

The remaining parties proceeded to trial on the claims brought in Ms. Taylor's name against Mr. George and Ms. Dunn. The trial court ultimately dismissed the claims against Ms. Dunn while upholding the divorce judgment against Mr. George and assessing prejudgment and postjudgment interest. *Taylor*, 2015 WL 1218658, at *1. In upholding the trial court's judgment, this Court concluded:

> [T]he evidence supported the trial court's finding that Ms. Dunn and Mr. George did act in concert and conspire to deplete Mr. George's trust assets so that Ms. Taylor would be unable to collect her judgment against the trust. As the trial court also properly found, however, there was no proof of an underlying tortious or wrongful act that would support Ms. Taylor's

3

conspiracy claim. The will provided Ms. Dunn, as trustee, discretion to make disbursements of Mr. George's trust fund assets. Even though Ms. Dunn was aware of Ms. Taylor's unpaid judgment, Ms. Dunn was not violating a court order or lien or otherwise acting in a fraudulent or tortious manner by disbursing trust fund assets to Mr. George. By transferring funds to Mr. George, Ms. Dunn initiated actions that she was lawfully entitled to take as trustee. The fact that Ms. Dunn's actions resulted in depletion of the trust assets before Ms. Taylor could enforce her judgment against the trust does not render Ms. Dunn's actions fraudulent or tortious. *See, e.g., Burton v. Hardwood Pallets, Inc.,* No. E2001-00547-COA-R3-CV, 2001 WL 1589162 at *5 (Tenn. Ct. App. Apr. 29, 2002) (holding that there was no fraudulent conduct where a defendant creditor's lawful actions to collect a debt resulted in an unsecured creditor's debt going unsatisfied). Therefore, without the demonstration of the commission of a tortious or wrongful act by Ms. Dunn, there can be no cognizable claim of civil conspiracy. We determine that the trial court properly dismissed Ms. Taylor's claims against Ms. Dunn in this matter.

*Id.* at *7.

The instant action was commenced on April 13, 2015, when Plaintiffs filed a complaint alleging that Ms. Dunn had violated the terms of the August 2012 agreed order and her fiduciary duty to Plaintiffs by writing checks to herself and Mr. George against Plaintiffs' trust funds. Ms. Dunn acknowledges that in September 2012, she wrote two "reimbursement" checks on each trust account, ostensibly to reimburse her personal funds and Mr. George for attorney's fees incurred in defense of the prior action brought on behalf of Plaintiffs. On September 20, 2012, the trial court clerk disbursed to Ms. Dunn $70,734.10, including the $70,000.00 provided by the agreed order plus interest earned. On September 20, 2012, Ms. Dunn wrote two checks in the amount of $12,500.00 to Mr. George, one drawn from each of the Plaintiff's trust funds. On September 21, 2012, Ms. Dunn wrote two checks in the amount of $2,781.58 to herself, also drawing one check from each of Plaintiff's trust funds. Ms. Dunn explained in an affidavit presented to the trial court that although she initially had utilized monies from Mr. George's trust, for which she was also the trustee, to pay legal expenses, she wrote the corresponding "reimbursement" checks directly to Mr. George because his trust had been dissolved by that time. The total amount that Ms. Dunn withdrew from Plaintiffs' combined trust funds was $30,563.16.

Although Plaintiffs had requested an award of attorney's fees "if applicable" in their original complaint, Plaintiffs filed an amendment to their complaint on April 30, 2015, adding that they sought "their reasonable attorney fees for the intentional breach by

4

Defendant of her fiduciary duty . . . ." Ms. Dunn subsequently filed an answer, documenting her legal expenses for defense of the prior action and asserting that pursuant to Maryland law governing the establishment of the trust accounts, she was entitled to be reimbursed from the trusts for her legal fees incurred in defense of the prior lawsuit.

Ms. Dunn maintains that the legal expenses for which she reimbursed herself pertained to defense of the action pursued on Plaintiffs' behalf and not the action pursued by Ms. Taylor individually. Ms. Dunn also maintains that she met with Plaintiffs in September 2012, prior to writing the reimbursement checks, and explained to Plaintiffs that she would be reimbursing herself from their trust funds for the substantial legal fees she had incurred in defending against their prior lawsuit. Plaintiffs deny that such a meeting took place and deny that Ms. Dunn provided them with advance notice that she would be withdrawing funds from their trust accounts as reimbursement for her legal fees.

On June 23, 2015, Plaintiffs filed a motion for summary judgment and a statement of "Material Facts as to which there is No Genuine Issue for Trial." Ms. Dunn filed a response and statement of additional facts on July 27, 2015, *inter alia*, acknowledging that she did not obtain consent from Plaintiffs for the trust withdrawals at issue but asserting that she did provide them with prior notice of the withdrawals.

Following a hearing conducted on August 6, 2015, the trial court granted the parties ten days for supplemental briefing on applicable Maryland law. Specifically, the court directed in an order entered August 14, 2015:

> After taking into account all documents filed in support of and against the Motion, the Court elected to defer its ruling in order to give the parties, through counsel, an opportunity to research the issue of whether Maryland law offers any support for the proposition that a trustee of a trust is protected against claims of the beneficiaries for making disbursements of trust funds to persons who are not trust beneficiaries, by reason of giving advance notice of such intended disbursements, whether or not the beneficiaries consent.

On September 24, 2015, the trial court entered a Memorandum Opinion, granting partial summary judgment in favor of Plaintiffs. Upon finding that Ms. Dunn had violated the agreed order and breached her fiduciary duty to Plaintiffs, the court awarded to each respective Plaintiff the amount of $15,281.58, plus prejudgment interest of five percent per annum calculated from September 20, 2012, on each $12,500.00 check and from September 21, 2012, on each $2,781.58 check. The court also awarded to Plaintiffs

5

reasonable attorney's fees but reserved the amount for an evidentiary hearing. The court entered an Order to this effect on November 6, 2015.

Ms. Dunn filed a notice of appeal on December 4, 2015. On January 8, 2016, the trial court entered an order awarding to Plaintiffs attorney's fees in the amount of $6,000.00 and costs in the amount of $244.33, contingent upon Plaintiffs' success on appeal. Upon submission of the final judgment, this Court treated Ms. Dunn's premature appeal as timely pursuant to Tennessee Rule of Appellate Procedure 4(d).

## II. Issues Presented

Ms. Dunn presents three issues on appeal, two of which we determine to be included in her overall issue of whether the trial court erred by granting partial summary judgment in favor of Plaintiffs. We have restated Ms. Dunn's issues as follows:

1. Whether the trial court erred by granting partial summary judgment in favor of Plaintiffs upon:

    A. Declining to consider or address the effect of Maryland law on Ms. Dunn's asserted right to reimburse herself for attorney's fees incurred in defense of a prior lawsuit brought against her on behalf of Plaintiffs.

    B. Interpreting the August 31, 2012 agreed order as negating Ms. Dunn's asserted right under Maryland law to claim reimbursement from Plaintiffs' trust funds for legal fees incurred in defense of the prior suit.

Plaintiffs present an additional issue, which we have restated as follows:

2. Whether Plaintiffs are entitled to attorney's fees on appeal, either upon a determination that this appeal is frivolous, pursuant to Tennessee Code Annotated § 27-1-122, or upon the trial court's finding that Ms. Dunn breached her fiduciary duty to Plaintiffs.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013)

(citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. [574,] 586, 106 S.Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65 (emphasis in original). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that

7

the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV. Effect of Maryland Law

Ms. Dunn contends that the trial court erred by declining to consider or address whether, under Maryland law, she had a right to deduct funds from Plaintiffs' trust funds as reimbursement for the legal expenses she incurred as a result of the prior action filed on behalf of Plaintiffs. Plaintiffs do not dispute that because Decedent's will did not designate a state jurisdiction, "the laws of the principal place of [the trusts'] administration determine the administration of the trust[s]." *See* Tenn. Code Ann. § 35-15-107(c) (2015). Although the trial court allowed the parties ten days following the summary judgment hearing to file supplemental memoranda concerning the effect of Maryland law on this issue, the court did not directly address the application of Maryland law in its memorandum opinion or order awarding partial summary judgment. The trial court based its ruling upon the findings that Ms. Dunn had (1) violated the terms of the agreed order by withdrawing funds from Plaintiffs' trust accounts with no resultant benefit to Plaintiffs and (2) breached her fiduciary duty as trustee of Plaintiffs' trusts. Upon our thorough review of the record and applicable authorities, we conclude that the trial court did not err by declining to find that Maryland law provided Ms. Dunn with the right to reimburse herself from Plaintiffs' trust accounts without prior authorization of the trial court or consent of Plaintiffs.

The August 31, 2012 agreed order provided in relevant part:

> This case is before the Court on the request of the parties to restore funds currently held in escrow by the Clerk and Master to the trust funds of Alexa C. George and Arianna A. George. The Court finds that Tessa G. Dunn, as trustee of the trusts for Alexa C. George and Arianna A. George, previously distributed $35,000.00 from each trust to Melissa L. Taylor, that Melissa L. Taylor placed the money in escrow with the Clerk and Master, and that the parties agree this money, plus any interest which may have accrued, should be returned to the respective trusts. The Court further finds the parties agree that return of the escrowed funds resolves all claims brought against Tessa G. Dunn on behalf of Alexa C. George and Arianna A. George, and that those claims should be dismissed.

> * * *

> Accordingly, it is hereby ORDERED:

8

1. The Clerk and Master shall release all funds currently held in escrow in this case to Tessa G. Dunn as trustee for the trusts established for the benefit of Alexa C. George and Arianna A. George;

2. Tessa G. Dunn shall deposit one-half of the funds released by the Clerk and Master in the trust established for Alexa C. George and one-half in the trust established for Arianna A. George, and shall disburse said funds from the respective trusts for the benefit of Alexa C. George and Arianna A. George pursuant to the terms of the trust agreement;

3. All claims brought against Tessa G. Dunn on behalf of Alexa C. George and Arianna A. George are hereby dismissed, with prejudice[.]

(Emphasis added.) In the instant action, the trial court found that because Ms. Dunn had undisputedly used the funds withdrawn from Plaintiffs' trusts on September 20 and 21, 2012, for other than Plaintiffs' benefit, Ms. Dunn had violated the agreed order. Ms. Dunn, however, focuses on the phrase, "pursuant to the terms of the trust agreement" to argue that under Maryland law governing administration of Plaintiffs' trusts, she was entitled to utilize trust monies to reimburse herself for legal expenses incurred in defending herself against the portion of the prior lawsuit filed on behalf of Plaintiffs.

The trial court in its November 6, 2015 order summarized the pleadings and authorities it had considered in reaching its ruling as follows:

This matter came before the Court on the Motion of Plaintiffs for Summary Judgment. The matter was presented to the Court on oral argument on August 6, 2015. The Court thereafter took the matter under advice and further, offered the parties through counsel the opportunity to file supplemental briefs on the issue of whether Maryland law protects a trustee from the consequences of making an otherwise unauthorized disbursement if the trustee has given prior notice to the beneficiary. The Court thereafter issued its Memorandum Opinion on September 24, 2015 based upon the Motion, supporting affidavits, the response of Defendant, opposing affidavits, briefs, and such other matters as the Court found to be pertinent to the issues in the case.

Contrary to Plaintiffs' argument, the trial court thus considered the pleadings in which the parties addressed Maryland case law, including Ms. Dunn's response to the motion for

summary judgment and Plaintiffs' memorandum filed subsequent to the summary judgment hearing. The trial court, however, was not persuaded that Maryland law afforded Ms. Dunn the right to utilize trust fund monies to reimburse herself for legal fees in this situation.

In granting partial summary judgment in favor of Plaintiffs, the trial court stated in its memorandum opinion in pertinent part:

> The pivotal issue for the motion is whether the defendant Tessa G. Dunn disbursed funds of the trusts in violation of an agreed order. The Court entered the agreed order upon the agreement of the defendant Dunn and the other parties in a prior case in this court concerning the funds, case number 175472-1. The defendant Dunn was entrusted with the funds from this Court's registry to be restored to the trusts and disbursed by her "from the respective trusts for the <u>benefit</u> of Alexa [C]. George and Arianna A. George [the plaintiffs] pursuant to the terms of the trust agreement[."] [emphasis added (by trial court)]. The defendant Dunn disbursed the funds, in question, to herself and her brother, to reimburse monies spent by the defendant Dunn from her own funds and the trust funds of her brother. No <u>benefit</u> to the plaintiffs has been identified to the Court from the defendant Dunn's disbursements of their trust funds.
>
> * * *
>
> [T]he funds of $70,734.10, including interest earned while on deposit with the Clerk and Master, were returned in the amount of $35,367.05 to each of the two trusts. Pursuant to the agreed order, the defendant Dunn was then to "disburse said funds from the respective trusts for the benefit of Alexa C. George and Arianna A. George [the plaintiffs] pursuant to the terms of the trusts agreements." Instead, the defendant Dunn disbursed the sum of $2,781.58 from each trust to reimburse herself for legal fees paid by her in the original suit against her. The defendant Dunn also disbursed the sum of $12,500.00 from each trust to her brother and co-defendant in the original case, in the amount of $12,500.00 to compensate him for monies used by Dunn from his trust for her own legal fees in the original case. The record shows no possible benefit to either of the plaintiffs as a result of the defendant Dunn's disbursement of $2,781.58 and $12,500.00 from each trust to herself and her brother, respectively. The defendant Dunn's counsel could not identify any such benefit at the hearing on the motion for summary judgment currently before this Court. Moreover, in his post hearing memorandum entitled, "DEFENDANT'S RESPONSE TO

10

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT," the defendant's counsel states that the "[p]ayment of legal fees did not benefit the girls but was made necessary by their action, and was permissible as an expense of administering the trusts." The agreed order, under which the monies were entrusted to the defendant Tessa G. Dunn, specifically required that any such disbursements be made for the benefit of the plaintiffs.

The defendant Dunn violated the agreed order. The parties to the original case entered into the agreed order within the context of allegations that the defendant Dunn manipulated trust transfers for the benefit of her brother and to defeat the claim of child support for the plaintiffs, his daughters. . . . There is no genuine issue of material fact but that neither of the plaintiffs consented to nor authorized any of the disbursements in question.

Additionally, there is no genuine issue of material fact or question of law but that the defendant Dunn breached her fiduciary duty to each plaintiff by her disbursements from each trust of $2,781.58 to herself and $12,500.00 to her brother.

(Emphasis in original; citations omitted.)

We agree with the trial court. We find the Maryland appellate decisions relied upon by Ms. Dunn to be highly factually distinguishable from the case at bar. Ms. Dunn relies in part on a decision rendered by the Maryland Court of Special Appeals, *Saulsbury v. Denton Nat'l Bank*, 335 A.2d 199, 204 (Md. Ct. Spec. App. 1975), *perm. app. denied* (Md. July 3, 1975), in which the court held that "unless there has been a final determination as to the alleged misconduct of the cotrustee, such alleged misconduct cannot be interposed as a defense to a petition for attorney fees for the services rendered in defending the trustee." The *Saulsbury* court, however, was addressing a petition for attorney's fees, which had been reviewed and granted by the trial court following a hearing on the matter. *Id.* at 671.

Ms. Dunn also relies on the Maryland intermediate appellate court's decision in *Jacob v. Davis*, 738 A.2d 904, 921 (Md. Ct. Spec. App. 1999), in which the court explained that "[t]he general rule is that a trustee is entitled to attorneys' fees paid from the trust if it successfully defends an action brought by the beneficiary." The *Jacob* court, however, was examining the issue of what portion of the attorney's fees could be included in an award already granted to the trustee by the trial court. *See id.* at 921. In this regard, the *Jacob* court was reviewing the trial court's prior award of attorney's fees

to the trustee, not a deduction for reimbursement made by the trustee on his own volition. *See id.* at 904; *see also Sokol v. Nattans*, 337 A.2d 460, 473-75 (Md. Ct. Spec. App. 1975) (affirming the trial court's award of attorney's fees to the trustees upon the filing of a petition for such fees).

In their supplemental memorandum to the trial court, Plaintiffs referenced a decision rendered by Maryland's highest state court, the Maryland Court of Appeals, *Hastings v. PNC Bank, NA*, 54 A.3d 714, 726 (Md. 2012), in which the court held that "a trustee may engage in a self-interested course of action so long as the beneficiaries provide valid, informed consent." The *Hastings* court was addressing, in the context of Plaintiffs' reference, the issue of whether the trustee had violated his duty of loyalty to the beneficiaries by requiring the beneficiaries to execute a release and indemnity clause prior to distribution of trust funds. *Hastings*, 54 A.3d at 725 (concluding that the trustee had not violated this duty). The *Hastings* court did not address the issue of consent for reimbursement of attorney's fees.

Ms. Dunn has provided no Maryland authority, and our research has not revealed any, to support the proposition that a trustee may deduct funds from a trust account to pay legal expenses incurred in defense of the trustee's role as trust administrator without a court order awarding attorney's fees or the prior consent of the beneficiary.[1] Moreover, although Plaintiffs' complaint against Ms. Dunn was dismissed with prejudice in the prior suit, the dismissal was predicated on the return of the $70,000.00 Ms. Dunn had withdrawn from Plaintiffs' collective trust accounts. *See Taylor*, 2015 WL 1218658, at *3 ("[T]he [trial] court determined that Ms. Taylor's children had attained the age of majority and were not pursuing claims to invalidate the settlement because the funds had been restored to their trusts."). Ms. Dunn cannot be said to have prevailed on the merits in defending the prior action filed on behalf of Plaintiffs. *See Jacob*, 738 A.2d at 921 (remanding to the trial court for "allocat[ion] to the Trusts only that portion or percentage of the fees it considers, in its discretion, to be fairly attributable to the successful aspects of the defense."). Ms. Dunn is not entitled to relief on this issue.

## VI. Interpretation of Agreed Order

Ms. Dunn also contends that the trial court erred by interpreting the August 2012 agreed order as waiving Ms. Dunn's right to reimbursement for attorney's fees incurred in defending against the prior action brought on behalf of Plaintiffs. As the trial court found, the parameters of the parties' August 2012 agreed order, which was entered under

---

[1] We note by analogy the general principle under Tennessee law that "the Estate should not be charged with an executor's legal fees and costs when the 'executor's conduct is at the root of the litigation.'" *See Estate of Boote v. Shivers*, No. M2003-02656-COA-R3-CV, 2005 WL 1277867, at *5 (Tenn. Ct. App. May 27, 2005) (quoting *In re Estate of Wallace*, 829 S.W.2d 696, 704 (Tenn. Ct. App. 1992)).

the jurisdiction of a Tennessee court, included the provision that any disbursement of trust account funds would be for the benefit of Plaintiffs. *See City of Shelbyville v. State ex rel. Bedford County,* 415 S.W.2d 139, 144 (Tenn. 1967) ("A consent decree is a contract made final and binding upon the parties by the approval of the court."); *see also Kafozi v. Windward Cove, LLC,* 184 S.W.3d 693, 698 (Tenn. Ct. App. 2005) ("The parties' intent is presumed to be that specifically expressed in the body of the contract."). Moreover, having determined that the trial court did not err by declining to find that Maryland law afforded Ms. Dunn the right to withdraw fees for her reimbursement absent Plaintiffs' prior consent or a court order authorizing such reimbursement, we further determine the issue of whether Ms. Dunn "waived" this purported right to be pretermitted as moot.

## VII. Attorney's Fees on Appeal

Plaintiffs request an award of attorney's fees on appeal, asserting as alternative grounds that (1) the appeal is frivolous, thereby warranting an award of attorney's fees pursuant to Tennessee Code Annotated § 27-1-122, and (2) Ms. Dunn breached her fiduciary duty to Plaintiffs, thereby warranting an award of attorney's fees on appeal for the same reason that the trial court awarded attorney's fees to Plaintiffs. Ms. Dunn argues that this appeal is not frivolous and that an award of attorney's fees on appeal based on the finding that she violated her fiduciary duty is not supported by controlling authority. Upon our thorough review, we conclude that this appeal is not frivolous. However, we further conclude that an award of attorney's fees on appeal is appropriate based on Ms. Dunn's breach of her fiduciary duty as trustee of Plaintiffs' respective trusts.

Tennessee Code Annotated § 27-1-122 (2000) provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

We determine that this appeal was not frivolous or taken solely for delay. *See Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) ("A frivolous appeal is one that is devoid of merit . . . or one that has no reasonable chance of succeeding.").

13

Ms. Dunn does not dispute, however, the trial court's award of reasonable attorney's fees to Plaintiffs based on the finding that Ms. Dunn breached her fiduciary duty. The trial court stated in its memorandum opinion in pertinent part:

> [T]here is no genuine issue of material fact or question of law but that the defendant Dunn breached her fiduciary duty to each plaintiff by her disbursements from each trust of $2,781.58 to herself and $12,500.00 to her brother. The plaintiffs are entitled to a partial summary judgment as a matter of law. The summary judgment constitutes a determination that the defendant Dunn, while acting as trustee, is liable to the plaintiffs for "breach of trust [f]or maladministration.["] *Marshall v. First Nat. Bank of Lewisburg*, 622 S.W.2d 558, 560 (Tenn. Ct. App. 1981). The plaintiffs did not plead their attorney fees as an element of special damages in their complaint, as amended, but did put the defendant Dunn on notice, by praying for attorney's fees, of their claim for attorney's fees, in their original complaint and amendment to complaint. *See Marshall v. First Nat. Bank of Lewisburg*, 622 S.W.2d at 560-61.[2]

In its subsequent January 8, 2016 order, the trial court ratified the parties' agreement that this award would be comprised of $6,000.00 in attorney's fees and $244.33 in costs, provided that Plaintiffs prevailed on appeal. Although Ms. Dunn has not raised the trial court's award of attorney's fees as an issue on appeal, we have reviewed the trial court's rationale as a potential rationale for this Court to award attorney's fees on appeal. We determine that the trial court did not abuse its discretion by awarding attorney's fees to Plaintiffs based on its finding that Ms. Dunn had breached her fiduciary duty. *See Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (explaining that this Court reviews a trial court's award of attorney's fees according to an abuse of discretion standard); *see also In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005) ("[A] trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its

---

[2] Ms. Dunn does not dispute that Plaintiffs gave adequate notice that they were seeking attorney's fees through their initial prayer for attorney's fees in the complaint and specific prayer in their amendment to the complaint for attorney's fees pursuant to Ms. Dunn's alleged violation of her fiduciary duty. *See Marshall v. First Nat'l Bank of Lewisburg*, 622 S.W.2d 558, 561 (Tenn. Ct. App. 1981) ("In cases involving trusts and large estates involving complex litigation, the attorneys' fees are apt to be substantial and it seems only fair to require the plaintiff to put the trustee on notice as to any claim for attorneys' fees."); *but see Duke v. Simmons*, No. M2008-01967-COA-R3-CV, 2009 WL 1175114, at *4 (Tenn. Ct. App. Apr. 30, 2009) (noting that "[t]he holding in *Marshall* has been modified by the courts under certain circumstances . . . ." involving situations in which "a statute specifically authorizes the recovery of attorney's fees from another party.") (citing *In re Estate of Greenamyre*, 219 S.W.3d 877, 885 n.22 (Tenn. Ct. App. 2005)).

14

decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.") (internal citations omitted).

As the trial court noted, this Court set forth the proposition in *Marshall v. First Nat'l Bank of Lewisburg*, 622 S.W.2d 558, 560 (Tenn. Ct. App. 1981), *perm. app. denied* (Tenn. Nov. 2, 1981), that "it is generally held that where an action is brought against a trustee for breach of trust or for maladministration, attorneys' fees will be allowed . . . ." while explaining also that "such fees should not be allowed where the trustee has been faithful, diligent, and successful in his administration." As this Court has explained regarding the availability of attorney's fees upon a trustee's breach of fiduciary duty:

> The appellant argues that there is no statutory or contractual basis for the trial court's award of attorney fees. We believe, however, that there is a basis in case law and in statute for both components of the trial court's award. As the appellee notes, several cases of this court support the proposition that attorney fees may be awarded against a trustee who breaches her fiduciary duty. *Brandt v. Bib Enterprises,* 986 S.W.2d 586 (Tenn. Ct. App. 1998); *Marshall v. First National Bank of Lewisburg,* 622 S.W.2d 558 (Tenn. Ct. App. 1981).
>
> Although attorney fees should not be imposed where there is merely a technical fault on the part of the fiduciary, 622 S.W.2d at 560, the imposition of such fees on fiduciaries who deliberately use their position of trust to enrich themselves creates a disincentive to such behavior.

*Martin v. Moore*, 109 S.W.3d 305, 313 (Tenn. Ct. App. 2003), *perm. app. denied* (Tenn. May 19, 2003).

In support of their argument, Plaintiffs cite this Court's decision in *Brandt v. Bib Enters., Ltd.*, 986 S.W.2d 586 (Tenn. Ct. App. 1998), *perm. app. denied* (Tenn. Mar. 8, 1999). In *Brandt*, this Court affirmed the trial court's denial of attorney's fees to the appellees in an action brought under the version of the Uniform Limited Partnership Act in effect at that time. *Brandt*, 986 S.W.2d at 595. Although *Brandt* did not involve a trust, the *Brandt* Court explained as examples that "Tennessee cases have allowed attorney's fee awards for breaches of a trustee's fiduciary duty." *Id.* The *Brandt* Court cited *Marshall* for this proposition, as well as *Brown v. Conroy,* 1990 WL 10574 (Tenn. Ct. App. Feb. 12, 1990), *perm. app. denied* (Tenn. May 14, 1990). In *Brown*, this Court affirmed the trial court's award of attorney's fees against a co-trustee, Carolyn Brown, who had breached her fiduciary duty. *Brown*, 1990 WL 10574, at *6. Although Ms. Brown "feign[ed] innocence" of the effect of her former counsel's actions in holding insurance policy documents "contrary to the best interests of the trust and its

15

beneficiaries," this Court found that "[a]ll actions on the part of counsel which are inconsistent with the fiduciary duty owed to the trust [were] imputed to Carolyn Brown." *Id.* at \*5-6. Based on the determination that an award of attorney's fees was warranted when the co-trustee had breached her fiduciary duty contrary to the best interest of the trust and its beneficiaries, this Court awarded attorney's fees against Ms. Brown on appeal. *Id.* at \*9 ("Having found that attorney fees were properly allowed below, we believe they are also properly allowable to [the plaintiff beneficiary] on appeal.").

In the case at bar, Ms. Dunn asserted in her affidavit:

> Prior to writing any checks for legal fees from either of the girls' trust funds I consulted with counsel to determine whether I could pay legal defense expenses from the trusts. I was advised that the terms of the trust authorized me to pay legal expenses which I incurred as trustee from trust fund assets.

Regarding notice to Plaintiffs of her decision to reimburse herself from their respective trust funds, Ms. Dunn stated:

> In September 2012 I met with Arianna and Alexa George and with my brother. At that time I explained to Arianna and Alexa that I was incurring legal expenses because of the suit filed by Melissa Taylor and that I would be paying some of the legal expenses from their trust funds.

(Paragraph numbering omitted.)

In contrast, Plaintiffs in their respective affidavits presented to the trial court denied that they had received such notice. Arianna George stated in pertinent part:

> In May, 2014, I was informed by Aunt Tessa that no funds remained in my Trust. I asked her for an accounting.
>
> Aunt Tessa came to Knoxville and met with Alexa and me. Our Father, James T. George, II . . . was also present at this meeting. Aunt Tessa informed at this meeting that she had paid some of her attorney fees incurred in the Prior Suit from my Trust. I had not authorized any such disbursement and had no notice of it prior to this meeting in May, 2014.

(Paragraph numbering omitted.)

16

In her corresponding affidavit, Alexa George mirrored her sister's statement in this regard.

Plaintiffs acknowledge that for purposes of summary judgment, this Court must treat Ms. Dunn's statement that she gave notice as true unless it is to be a disputed issue of material fact that would have to be determined at trial. We previously have concluded, however, that even assuming, *arguendo*, that Ms. Dunn gave notice to Plaintiffs of her intention to withdraw trust monies to pay legal expenses, such notice without Plaintiffs' authorization or a court order awarding such expenses to Ms. Dunn did not constitute legal grounds under applicable law for Ms. Dunn to reimburse herself or her brother from Plaintiffs' trust accounts. *See, e.g, Hastings* 54 A.3d at 726. As in *Brown*, *see* 1990 WL 10574, at *6, we are not persuaded that Ms. Dunn's purported consultation with counsel prior to writing checks on the trust accounts to pay her legal expenses absolves her of having breached her fiduciary duty to the beneficiaries in this case.[3]

Plaintiffs properly requested reasonable attorney's fees in their appellate pleadings. *See Killingsworth v. Ted Russell Ford, Inc.,* 205 S.W.3d 406, 411 (Tenn. 2006) ("An award of attorney's fees generated in pursuing the appeal is a form of relief; the rule requires it to be stated.") (citing Tenn. R. App. P. 27(a)). Having determined that the trial court did not abuse its discretion by awarding to Plaintiffs reasonable attorney's fees upon a finding that Ms. Dunn breached her fiduciary duty as trustee of Plaintiffs' respective trusts, we further determine that an award to Plaintiffs of reasonable attorney's fees on appeal is appropriate for the same reason. We remand this matter to the trial court for a determination of the proper amount of reasonable fees incurred by Plaintiffs during the appellate process.

## VIII. Conclusion

For the reasons stated above, we affirm the trial court's judgment. We grant Plaintiffs' request for an award of reasonable attorney's fees on appeal. This case is remanded to the trial court, pursuant to applicable law, for a determination of the amount of reasonable attorney's fees incurred by Plaintiffs during the appellate process, enforcement of the trial court's judgment, and collection of costs assessed below. The costs on appeal are assessed against the appellant, Tessa G. Dunn.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[3] We note that it is unclear from Ms. Dunn's affidavit or her appellate pleadings whether her current counsel is whom she purportedly consulted prior to writing the checks at issue.