IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 19, 2017 Session

## HOMELIFT OF NASHVILLE, INC. v. PORTA, INC.

**Appeal from the Circuit Court for Wilson County**
**No. 2010-CV-662    John D. Wootten, Jr., Judge**

_____

### No. M2016-00894-COA-R3-CV

_____

This appeal involves a claim for attorney's fees and other litigation expenses incurred by a third-party defendant in a wrongful death action. The third-party plaintiff filed the third-party complaint against the third-party defendant seeking indemnity. A jury found both the third-party plaintiff and third-party defendant at fault for the death in the underlying action, but because the third-party plaintiff was allocated more than 50% of the fault, the jury determined that the third-party plaintiff was not entitled to indemnification. The third-party defendant filed a post-trial motion for attorney's fees and expenses incurred in defending the third-party action. The trial court denied the motion, concluding that it lacked subject matter jurisdiction. Although we conclude that it did not lack subject matter jurisdiction, we affirm the denial of the third-party defendant's motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Stephen W. Elliott and Fetlework Balite-Panelo, Nashville, Tennessee, for the appellant, Porta, Inc.

Jefferson C. Orr and Joshua K. Chesser, Nashville, Tennessee, for the appellee, Homelift of Nashville, Inc.

# OPINION

## I.

In February 2010, Ms. Jimmie Dean Browning fell into an elevator shaft in her home and died as a result of her injuries. Later that year, her estate filed a wrongful death action against Homelift of Nashville, Inc. ("Homelift"), the seller and installer of the elevator, and ThyssenKrupp Access Corporation ("ThyssenKrupp"), an alleged successor to the manufacturer of the elevator. The suit, which was filed in the Circuit Court of Wilson County, Tennessee, asserted claims of negligence, strict products liability, breach of warranty, breach of contract, and violations of the Tennessee Consumer Protection Act.

## A.

On September 14, 2012, Homelift filed a third-party complaint for indemnity against Porta, Inc. ("Porta"), the alleged manufacturer of certain "interlock devices" installed on the elevator doors. The third-party complaint averred, in relevant part, as follows:

> In January 2010, as part of its completion of the elevator installation at the Browning home, HomeLift installed three interlock devices at the Browning home, one on the hoistway door on the basement floor, one on the hoistway door on the main floor, and one on the hoistway door on the second floor of the home.
>
> . . . .
>
> In its lawsuit, Ms. Browning's Estate claims that her death was caused in whole or in part by the failure of the interlock device which was installed by HomeLift on the second floor hoistway door.
>
> HomeLift denies that the interlock device on the second floor hoistway door of the Browning home failed and/or caused or contributed to Ms. Browning's death. However, to the extent the interlock device failed and caused or contributed to Ms. Browning's death, HomeLift would state that such failure resulted from a defect in the design and/or manufacturing of the device by Porta.

Thus, Homelift sought indemnification from Porta "for all costs, damages, liabilities, and expenses, including attorney's fees, incurred . . . as a result of defects, if any, in Porta's product."

2

1. Amendments to the Third-Party Complaint

Homelift went on to amend its third-party complaint against Porta four times. Homelift filed its first amended third-party complaint on January 17, 2013, alleging additional causes of action against Porta.

Later, the Browning estate and Homelift reached a settlement, and the court entered an agreed order dismissing the estate's claim against Homelift with prejudice. Prior to the dismissal of Homelift, the court had dismissed the estate's claims against ThyssenKrupp on summary judgment. So the agreed order dismissing Homelift also provided that the third-party action against Porta, which was the only remaining complaint, "shall remain pending."

In light of its settlement, Homelift again sought leave to amend its third-party complaint to clarify its claims against Porta. After the second amended third-party complaint was filed in January 2014, Porta responded by filing an answer and counterclaim. Porta denied being the cause of Ms. Browning's accident and alleged that Homelift was solely at fault because of alterations it had made to the lock manufactured by Porta. In its counterclaim, Porta asserted that Homelift had "intentionally destroyed a vital piece of evidence in this case, i.e., the subject elevator, without informing Porta of the intended destruction," making it "impossible for Porta to present an effective defense to counter Homelift's theory as to the cause of the accident."

Porta's answer and counterclaim concluded with a claim for the costs of defending the third-party action, including attorney's fees. Specifically, the language provided as follows:

> Wherefore, counterclaimant Porta prays for judgment of this Court that Homelift take nothing, that all of the claims by Homelift against Porta be dismissed with prejudice, and that Porta recover from Homelift its costs of defense, including, but not limited to, attorney fees, expert witness fees, and all other costs of defense, or that said amount be awarded in favor of Porta as a diminution in any amount which Homelift may recover in this action.

In January 2015, Homelift again amended its third-party complaint to include an additional claim of negligence per se against Porta. In response, Porta filed an answer and counterclaim, which again concluded with the language quoted above.

Later, Homelift filed a motion to dismiss Porta's counterclaim, which the trial court granted on June 5, 2015. Immediately thereafter, Homelift filed a fourth and final amended third-party complaint to modify the amount of damages sought in its action against Porta. Porta responded on July 14, 2015, by filing an answer, which did not

3

include a counterclaim. Notably, Porta's final answer also failed to include the above quoted language concerning attorney's fees and litigation expenses. The only relief Porta requested was a twelve-person jury and a dismissal.

2. Trial

In October 2015, the court conducted a jury trial on the fourth amended third-party complaint. The jury found both Porta and Homelift at fault for Ms. Browning's death. But the jury allocated 85% of the fault to Homelift and 15% to Porta. As a result, Homelift recovered nothing on its third-party complaint.

**B.**

Within thirty days following entry of the final judgment, Porta filed a motion seeking recovery of its attorney's fees and other litigation expenses incurred in defending itself in the third-party action, totaling $234,451.59. Although acknowledging that, under the American Rule, parties generally cannot recover their attorney's fees unless there is a statutory or contractual provision permitting an award of attorney's fees, *see Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005) (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000)), Porta argued that an award was appropriate under two equitable exceptions to the American Rule recognized by the Supreme Court of Tennessee in *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336 (Tenn. 1985).

The first exception, known as the implied indemnity exception, states that costs and attorney's fees may be recoverable on the basis of an implied indemnity contract. *Id*. at 338. The right to recovery is "based upon the relationship between the parties and their respective degrees of fault." *Id*. at 339. The second exception, known as the independent tort exception, permits recovery of reasonable compensation, including attorney's fees, by "'[o]ne who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person.'" *Id*. at 340 (quoting The Restatement (Second) of Torts § 914(2) (1979)).

The trial court denied Porta's request, concluding that it lacked subject matter jurisdiction to award such fees and expenses. The court further concluded that Porta must commence a separate, independent action to recover its attorney's fees and expenses from Homelift.

**II.**

Porta appeals the denial of its request. Among other things, it argues that the trial court possessed subject matter jurisdiction over its request for attorney's fees and expenses and that a separate action for attorney's fees is unnecessary. Homelift, on the

other hand, argues that a separate action was necessary because Porta failed to specifically plead for attorney's fees in its answer.

As an initial matter, we must determine whether the trial court had jurisdiction to consider Porta's request for an award of attorney's fees and expenses. Tenn. R. App. P. 13(b); *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003) ("Appellate courts must address the issue of subject matter jurisdiction even if the issue is not raised in the trial court."). Without subject matter jurisdiction a court lacks the "power to adjudicate a particular type of controversy," and any resulting order is void. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). A court's subject matter jurisdiction is derived—"either explicitly or by necessary implication"—from our Constitution or legislative acts. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007).

The existence of subject matter jurisdiction depends on "the nature of the cause of action and the relief sought." *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994). Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

We conclude that the trial court in this case possessed subject matter jurisdiction. Circuit courts are courts of general jurisdiction and have jurisdiction over "all debts and demands on contract over fifty dollars." Tenn. Code Ann. §§ 16-10-101, -106 (2009). And the trial court had not lost this jurisdiction as the court's judgment was not yet final and no appeal had been perfected when Porta made its request for attorney's fees and expenses. *See First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) ("[O]nce a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court.") (footnote omitted). Thus, we consider whether Porta properly pled for recovery of attorney's fees and expenses.

Rule 9.07 of the Tennessee Rules of Civil Procedure provides that "[w]hen items of special damage are claimed, they shall be specifically stated." Tenn. R. Civ. P. 9.07. "Attorney's fees are considered special damages because 'in the absence of a statute, contract, or equitable rule requiring otherwise, attorneys must generally look to their own clients for their fees.'" *Cremeens v. Cremeens*, No. M2014-01186-COA-R3-CV, 2015 WL 4511921, at *11 (Tenn. Ct. App. July 24, 2015) (quoting *In re Estate of Greenamyre*, 219 S.W.3d 877, 884 (Tenn. Ct. App. 2005)). This Court noted over 35 years ago that "[s]ince an award of attorneys' fees is fairly unusual, plaintiff should have the obligation of specially pleading such an item of damages." *Marshall v. First Nat. Bank of Lewisburg*, 622 S.W.2d 558, 561 (Tenn. Ct. App. 1981). Since then, we have recognized that "seeking the payment of attorney's fees is now more commonplace." *In re Estate of Greenamyre*, 219 S.W.3d at 885. As such, our courts have held that, in certain instances, a failure to comply with Rule 9.07 does not necessarily preclude such an award "where

5

the parties already know that attorney's fees may be recovered from another party." *Id.*; *see also Cremeens*, 2015 WL 4511921, at \*11.

For instance, in *Killingsworth v. Ted Russell Ford, Inc.*, this Court upheld an award for attorney's fees under the Tennessee Consumer Protection Act despite the fact that the claimant failed to specifically request such fees in his complaint. 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002). We reasoned that the Act specifically provides "once a trial court finds there has been a violation of the Act, the court may award the plaintiff 'reasonable attorney's fees and costs.'" *Id.* at 533 (citing Tenn. Code Ann. § 47-18-109(e)(1) (2001)). Thus, the defendant "was effectively put on notice that the purchasers were seeking all relief authorized under the Act, including attorney's fees and costs." *Id.* at 534. Indeed, this Court later approvingly noted that "courts have overlooked failure to comply with Tenn. R. Civ. P. 9.07 in cases where a statute specifically authorizes the recovery of attorney's fees from another party." *In re Estate of Greenamyre*, 219 S.W.3d at 885 n.22[1] (citing *Bloomingdale's By Mail Ltd. v. Huddleston*, 848 S.W.2d 52, 56 (Tenn. 1992); *Deas v. Deas*, 774 S.W.2d 167, 169 (Tenn. 1989); *Hardcastle v. Harris*, 170 S.W.3d 67, 91 (Tenn. Ct. App. 2004); *Killingsworth*, 104 S.W.3d at 533-34).

We conclude that this is not one of those circumstances in which a failure to comply with Rule 9.07 is excused. Here, no statute specifically authorized the recovery of attorney's fees. Nor was this a situation in which Homelift was otherwise clearly on notice that Porta was seeking to recover such fees. The relationship of buyer and seller "does not implicitly carry with it an indemnity obligation." *First Nat'l Bank of Chicago v. Cumberland Bend Investors, L.P.*, M2000-00001-COA-R3-CV, 2002 WL 31835693, at \*3 (Tenn. Ct. App. Dec. 19, 2002).

Additionally, as noted above, Porta twice filed an answer and counterclaim, which did include a request for attorney's fees and expenses. However, in both pleadings, the request was included in a paragraph clearly inserted under the heading "counterclaim," and the counterclaim was subsequently dismissed by order of the trial court. The linkage between Porta's request for attorney's fees and expenses and counterclaim is further supported by Porta's final answer. The final answer, filed in response to Homelift's fourth amended third-party complaint, included neither a counterclaim nor a prayer for attorney's fees.

---

[1] In *In re Estate of Greenamyre*, a will construction case, we affirmed an award for attorney's fees despite the party's failure to include a request for such fees in her answer. 219 S.W.3d at 885. There, we pointed out that will construction cases are "a well-known exception to the American Rule." *Id.* at 884-85 ("If an ambiguity in a will requires litigation to resolve it, the expenses of the litigation, including the parties' attorney's fees may be charged against the estate of the testator who was responsible for the ambiguity.") Additionally, despite the party's oversight, "her pretrial brief clearly put both the estate and all other parties on notice that she was seeking to have her attorney's fees paid by the estate." *Id.* at 885.

Thus, we agree with Homelift that it was not on notice that Porta intended to seek an award of attorney's fees and expenses at the time of trial. *See Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) ("[T]he primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court."). Porta's post-trial motion,[2] raising for the first time an entitlement to attorney's fees under the exceptions to the American Rule recognized by our supreme court in *Pullman*, was insufficient to satisfy Rule 9.07.

## III.

For the foregoing reasons, we affirm the trial court's denial of Porta's motion for attorney's fees and expenses, although on different grounds. Because the court did not have a claim for such fees and expenses before it at the time of trial and because Porta did not properly request an award of attorney's fees in its answer, the trial court properly denied the motion.

_____
W. NEAL MCBRAYER, JUDGE

---

[2] The Federal Rules of Civil Procedure, unlike the Tennessee Rules of Civil Procedure, do contemplate post-trial motions for attorney's fees. *See* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.").

7